# THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY *vs.* SUPERIOR COURT.

JULY 18, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for a writ of certiorari directing the superior court to certify to this court the records of its proceedings in the cases of William Sanderson, Jr. v. The New York, New Haven and Hartford Railroad Company, No. 127939, and Rhea Sanderson v. The New York, New Haven and Hartford Railroad Company, No. 127940. We issued the writ and also a citation to counsel for the plaintiffs in those cases to show cause why the relief sought by the writ should not be granted. In compliance therewith the superior court has duly certified its records to this court, and in response to the citation counsel for the plaintiffs appeared and opposed the petition but did not file any answer controverting the allegations of fact therein or make any objections to the records as certified.

The petitioner, who is the defendant in both cases and hereinafter will be sometimes so referred to, seeks to have quashed as illegal and void that portion of the records wherein a pre-trial justice of the superior court heard and granted plaintiffs' motion to amend a pre-trial order after the trial justice had heard and denied such motion. It is contended by petitioner that the pre-trial justice was without jurisdiction to amend the order since such matter, under the pre-trial rule of the superior court, was within the exclusive province of the trial justice. However, the plaintiffs claim that the trial justice did not deny their motion but referred it to the pre-trial justice. In any event they point out that the cases were passed and were no longer on the trial calendar when such justice heard and granted their motion.

In certiorari the parties are bound by the records brought here by the return. It appears therefrom that the cases

were consolidated for trial in the superior court by a pre-trial order entered on March 12, 1954 after a pre-trial conference held on March 11, 1954 by Roberts, J., hereinafter referred to as the pre-trial justice. On November 8, 1954 the cases were called for trial before Cappelli, J., hereinafter referred to as the trial justice, and defendant answered "ready." Thereupon plaintiffs moved that the cases be tried separately. According to the entry on the jacket of each case the trial justice heard and denied the motion. However, the cases did not proceed to trial, but, for some reason not appearing on the record, were passed.

The next entry on each jacket is: "1955, Jan. 20—Roberts, J. Heard on defendant's motion to vacate and same denied." To understand this entry, reference must be had to a transcript of that hearing which has come up with the record. It contains no testimony but merely arguments of counsel and statements from the bench by the pre-trial justice. From such statements it would appear that he understood plaintiffs' motion had been referred to him by the trial justice. Such was also the understanding of plaintiffs' counsel. The defendant's counsel did not so understand the situation and objected to the pre-trial justice's hearing of the matter on November 17, 1954 when plaintiffs renewed their motion before him. At the conclusion of the hearing on that date the pre-trial justice reserved decision on the question.

On November 22, 1954 he granted the motion, but the jacket in each case bears no record of such action and defendant's counsel received no official notice thereof. When he was informally apprised of it sometime later, he filed a motion to vacate the decision. On January 20, 1955 the pre-trial justice heard the parties on that motion and it is that hearing which is reported in the transcript. The above-quoted jacket entry of that date notes his denial of such motion.

The record of the trial justice's action on plaintiffs' motion

appears on the jacket of each case as follows: "1954 Nov. 8 —Cappelli, J. Pl'fft's motion to amend declaration & that case be tried separately is heard and denied." Jacket entries are official court records. *Colagiovanni* v. *District Court,* 47 R. I. 323. Until formally corrected by the court which made it, such a record imports verity. The above entry is conclusive evidence of the trial justice's disposition of plaintiffs' motion. "The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and this rule applies in case of a judge." 14 Am. Jur., Courts, §137, p. 350. Hence statements in the transcript by the pre-trial justice and plaintiffs' counsel at a later hearing with reference to their understanding of what the trial justice actually decided cannot be allowed to alter the record. Consistently with these principles. we have heretofore held that court records are conclusive evidence of the facts therein recorded and therefore it is the court's duty to see that the record is properly kept and conforms to the actual fact. *MacDonald* v. *Barr,* 51 R. I. 337.

This brings us to the question raised in this proceeding. After the trial justice had heard and denied plaintiffs' motion and the cases were no longer on the trial calendar, did the pre-trial justice have jurisdiction under the pre-trial rule of the superior court to again entertain the selfsame motion on November 17, 1954? That rule among other things expressly provides that a pre-trial order "shall control the subsequent course of the action or proceeding unless modified at the trial to prevent manifest injustice." As far as the trial justice is concerned, such language, in our opinion, leaves no doubt of his authority to modify the order if he is satisfied that it will prevent manifest injustice. Certainly it could not reasonably have been intended by the superior court, in formulating the rule, that in such a situation the trial justice should refer the matter to the pre-trial justice who entered the order. The principal purposes of

the rule are to simplify procedure, expedite litigation, and avoid unnecessary expense. A construction that would require another reference to the pre-trial justice would obviously do just the opposite.

In the cases at bar the trial justice rightfully entertained plaintiffs' motion. We may assume that his denial of it was an exercise of his discretion that no injustice would result if the cases were tried together in accordance with the pre-trial order. His decision, in our opinion, precluded any further consideration of the same subject matter in the superior court. The decision on a motion addressed to the discretion of a justice of that court is not open to review by another justice thereof. *Rhode Island Co.* v. *Superior Court*, 42 R. I. 5. On the record here there is no room for making an exception to this rule as we did under the peculiar facts in *Payne* v. *Superior Court*, 78 R. I. 177.

If the record showed that the trial justice, in the belief that he was without jurisdiction to allow an amendment of a pre-trial order, had declined to entertain plaintiffs' motion but had referred it to the pre-trial justice and passed the cases, we would be confronted with a different situation. The plaintiffs' counsel has labored diligently to put the proceedings before the trial justice in that posture, but his contentions are not borne out by the record. On certiorari this court is bound by the record, and on the record here we must hold that the trial justice's denial of plaintiffs' motion precluded any further action thereon by the pre-trial justice, and the latter's pre-trial order in quesion is therefore null and void.

The petition for certiorari is granted, the pre-trial justice's amended pre-trial order in each case providing for a separate trial thereof is hereby quashed, and the records certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*William E. Boyle, William J. Carlos,* for petitioner.

*John F. McBurney,* for respondents.