## Joseph Furlong vs. Donhals, Inc.

JANUARY 14, 1958.

PRESENT: Condon, C. J., Roberts and Paolino, JJ.

PAOLINO, J.   This action of trespass on the case for negligence was tried before a justice of the superior court sitting with a jury.   The defendant's motion for a directed verdict was granted.   The case is before us on the plaintiff's exception to the granting of such motion and certain other exceptions to the exclusion of evidence.

The declaration, which consisted of one count, alleged in substance that defendant was in possession of an automobile which was being operated by its servant or agent on Ministerial Road in the town of South Kingstown; that plaintiff was a passenger therein; and that as a result of the negligent operation of said automobile plaintiff sustained personal injuries.   To this declaration defendant filed a plea of the general issue and a second plea in which it alleged that plaintiff was injured in the course of his employment with defendant and that therefore he could not maintain the instant action because of the provisions of the workmen's compensation act, general laws 1938, chapter 300, as amended.   The plaintiff filed a replication to the second plea denying the allegations thereof.

The following pertinent facts appear from the evidence. The plaintiff testified that on July 15, 1953, the day prior to the accident in question, he was hired as a waiter by one Michele, the maitre d'hotel of the supper club at the Theatre-By-The-Sea at Matunuck; that his hours of work were from 6 p.m. to 1 a.m.; that he began his employment on that day and worked during these hours; and that he took all his orders from Michele as to what work he was to do at the club.   It is undisputed that defendant was plaintiff's employer on July 15 and 16, 1953.

The plaintiff testified further that on July 16, 1953, the day of the accident, while they were in the kitchen he overheard Michele tell the bartender to be ready in about half

an hour to go to the Kingston station to pick up some wait-
ers he had hired from an agency in New York; and that
plaintiff then went outside in the yard and while he was
at a point some 30 or 40 feet from the kitchen he heard
Michele tell the bartender he "better get going" and to use
his, the bartender's, own automobile.

The plaintiff also testified that when the bartender came
out of the restaurant he asked plaintiff to take a ride with
him, and that plaintiff went at defendant's request and in-
vitation. The plaintiff further testified that he did not in-
tend to do anything at all for his employer on the trip;
that he had nothing to do with the route taken by the bar-
tender; that he did not intend to be of assistance in any
manner; that he probably would have helped him "change
a flat tire or something like that"; and that even if he had
been requested to help with the luggage of the employees
to be picked up at the railroad station, he would have "flat-
ly refused."

It appears from plaintiff's testimony and from that of
Lieutenant Joseph B. Congdon of the South Kingstown po-
lice that the automobile in question was being operated at
the time of the accident by the bartender, and was owned
by Steven Lauria of Brooklyn, New York. The plaintiff
testified that the automobile was being driven at a normal
speed of 35 to 40 miles an hour; that the driver evidently
reached into his right-hand trouser pocket for something;
that the automobile veered to the right and struck a tree;
and that at the time there were no other vehicles on the
road.

On January 21, 1953 the direct, cross and redirect exami-
nations of plaintiff were concluded and he was permitted
to leave the witness stand. His counsel then put in evi-
dence certain exhibits and read into the record certain med-
ical testimony, after which the hearing was adjourned until
the following Monday, January 24. Upon resumption of
the trial, plaintiff's counsel stated that he was going to re-

call plaintiff for further examination and that this would complete his case. He thereupon attempted to recall him. However, defendant objected on the ground that plaintiff's testimony had been concluded on a previous day and that it was irregular to recall him at that time. The trial justice thereupon asked plaintiff's counsel to state the nature of the testimony to be offered. In response thereto counsel made certain offers of proof which the trial justice excluded upon the ground that the offered testimony was immaterial and inadmissible. He also ruled that plaintiff could not be recalled for such further examination.

The plaintiff then offered in evidence defendant's second plea as an admission on its part that plaintiff was lawfully in the automobile at the time of the accident. The defendant's objection to the introduction of said plea as evidence was sustained by the trial justice. Upon this state of the evidence plaintiff rested his case. The defendant then rested its case without offering any testimony and thereupon its motion for a directed verdict was granted by the trial justice on the ground that he could not see any authority in the bartender to invite plaintiff and subject defendant to liability.

The plaintiff's first four exceptions are based on the refusal of the trial justice to permit plaintiff to be recalled to testify to the matters presented by him in his offer of proof. The first exception relates to the refusal to permit plaintiff to testify that at about 4:30 in the afternoon of the day preceding the accident Michele had sent the same bartender to Wakefield for ice and that one of the college boys serving as a waiter went along with him. The second exception is based on the trial justice's refusal to permit plaintiff to testify that sometime in September 1953, while plaintiff was still in the hospital, Michele visited him and made a certain statement to him which plaintiff's counsel was not aware of before, namely, that Michele during that

visit said in substance that he knew plaintiff was with the bartender on the trip in question.

Exception numbered 3 is based on the refusal of the trial justice to permit plaintiff to be recalled as a witness to testify as indicated above. Exception 4 relates to the trial justice's refusal to accept the offer of proof made by plaintiff which included, in addition to the proposed evidence encompassed by exceptions 1 and 2, an offer to present evidence as to where Michele, the maitre d'hotel, was at the time that the bartender drove out of defendant's premises with the plaintiff as a passenger. This evidence was offered to prove that Michele had knowledge of plaintiff's presence in the car which was involved in the accident.

In exception 5 plaintiff claims that the trial justice erred in refusing to accept as evidence the second plea of defendant, and exception 6 is based on the granting of defendant's motion for a directed verdict.

We shall first consider plaintiff's contentions under exceptions 1, 2, 3, and 4, namely that the trial justice erred in refusing to permit him to be recalled as a witness and to present the testimony contained in the offers of proof referred to in exceptions 1, 2 and 4.

It is pertinent to point out at this time that the trial justice rejected the offers of proof and denied the plaintiff permission to be recalled after his counsel had stated fully to the court the nature and substance of the proffered testimony. We deem it also important to emphasize that he based his rulings on the ground that the testimony offered was immaterial and irrelevant to the main issues in the case, and not on the fact of any irregularity in the order in which the proof was offered.

The plaintiff concedes that the recall of a witness and the scope and limits of re-examination lie within the sound discretion of the trial court, but argues that material evidence should not be rejected simply because it is offered out of the regular order. We agree with this contention and

with the reasoning of this court in *Souza* v. *United Electric Rys.*, 49 R. I. 430, and *Gillogly* v. *New England Transp. Co.*, 73 R. I. 456. In the *Gillogly* case, *supra*, this court said at page 463: "It is well established that it is within the power of a trial justice to regulate the order of proof. In his discretion he may admit *competent* evidence at any stage of the trial. * * * The aim of the court in regulating the course of proof in each case should be to promote justice and not to prevent the admission of *material* evidence, if the party offering such evidence is not guilty of trickery and his adversary is not in fact prejudiced by the belated presentation of such evidence." (italics supplied) See also 6 Wigmore on Evidence (3d ed.), §1896, p. 567.

It is clear that in the instant case the trial justice applied the correct law if the offered evidence was not material. However, the plaintiff contends that such evidence was material to plaintiff's case on the ground that from it the jury could have drawn the inference that the bartender had authority from defendant, either express or implied, to invite plaintiff to ride with him.

In our opinion the trial justice did not err in ruling as immaterial the testimony offered by plaintiff to the effect that on the day previous to the accident Michele had sent the bartender to Wakefield for ice and that one of the other waiters had gone along with him with Michele's knowledge. The jury could not have inferred from this isolated act of Michele that defendant had given him authority to invite plaintiff or to consent to such an invitation, or that the bartender was acting within the scope of his authority as an employee of the defendant in inviting plaintiff to ride with him on the trip to the Kingston station. See 1 Mechem on Agency (2d ed.) §289, p. 210. Exception 1 is overruled.

It is also our opinion that the offers of proof, the rejection of which is the basis of exceptions 2 and 4, were properly excluded. Whether or not Michele knew that plaintiff was in the bartender's car at the time in question is im-

material and cannot be the basis of proving, either directly or by reasonable inference, that Michele had any authority from defendant to authorize the bartender to invite plaintiff or to consent to plaintiff's acceptance of such invitation. The plaintiff accepted the ride before his working hours commenced and he admits that he went just for the ride and not in furtherance of defendant's business or as part of his duties as a waiter. Further the evidence shows that the automobile was not owned by defendant, but rather that it was under the bartender's control and that defendant had no power to prevent the bartender from inviting anyone he saw fit to ride with him.

For the same reasons we are of the opinion that the trial justice did not err in rejecting plaintiff's offer of proof relating to Michele's admission to plaintiff at the hospital in September that he knew that plaintiff was with the bartender on the ride in question. In the first place, such evidence was immaterial to the issue involved, namely, whether defendant authorized Michele to empower the bartender to invite plaintiff, or whether plaintiff was authorized by defendant to accept such an invitation. In our opinion neither could such evidence be the basis of any inference of such authority by the jury. In the second place, such evidence was not part of the res gestae since the accident took place on July 16, 1953 and the alleged conversation was held sometime in September 1953. See *Packet Co.* v. *Clough,* 87 U. S. 528.

Furthermore, such evidence was inadmissible to prove agency or the scope thereof. It is generally held that the declarations and statements of one purporting to be acting as agent, other than his testimony in the case in which the issue arises, are not admissible to prove agency. See 2 Am. Jur., Agency, §445, p. 352. Nor can the fact of agency be established by proof of the acts of a professed agent, unless the acts are of such a character and so continuous as to justify a reasonable inference that the principal had knowl-

54

edge of them. See 2 Am. Jur., Agency, §444, p. 351; *Paulton* v. *Keith,* 23 R. I. 164; *Cranston Print Works Co.* v. *American Tel. & Tel. Co.,* 43 R. I. 88; *Standish* v. *Heaton,* 45 R. I. 421. For these reasons it is our opinion that the trial justice did not abuse his discretion in refusing to permit the recall of plaintiff for such further examination. Exceptions 2, 3 and 4 are overruled.

Exception 5 is lacking in merit for the following reasons. The plaintiff offered defendant's second plea as evidence for the purpose of proving knowledge on the part of defendant that plaintiff was in the automobile at the time of the accident. This offer was rejected by the trial justice. The plaintiff contends that pleadings are judicially conclusive against the pleader, not only with respect to the allegations therein but also with respect to the reasonable inferences arising therefrom. He also contends that it was the duty of the trial justice on a motion for a directed verdict to consider all reasonable inferences from the pleadings of defendant in a light most favorable to plaintiff, and further that the pleading, standing alone, was sufficient to be submitted to the jury on the issue as to the status of plaintiff in relation to defendant. The plaintiff cites *Ogden* v. *Rabinowitz,* 86 R. I. 294, 134 A.2d 416, to support his contention.

It is true that in the *Ogden* case we stated that "parties to an action are judicially bound by their pleadings therein and that the allegations are conclusive as against the pleader." However, in that case plaintiff attempted to offer evidence which contradicted and was inconsistent with the allegations in her declaration on the particular issue being tried. No attempt was made to set up or use one pleading as evidence against another.

Under our practice a defendant may plead as many defenses by separate pleas as he shall deem necessary to his defense. General laws 1938, chapter 520, §3. It is well established that one plea cannot be used as evidence against

another. Each plea is a distinct and separate ground of defense which cannot be used in evidence where the case turns upon an issue presented by another plea. The purpose of each set of pleadings is to raise and to define the separate issues, and any use of the one to aid the other would to that extent defeat this purpose and prevent the trying of the issue made. See 4 Wigmore on Evidence (3d ed.), §1064 (2), p. 48; *Harrington* v. *Macmorris*, 5 Taunt. 228; *Morris* v. *Henderson*, 37 Miss. 492; *Larry* v. *Herrick*, 58 N. H. 40. Exception 5 is overruled.

The plaintiff's exception 6 is based on the ruling of the trial justice in granting defendant's motion for a directed verdict. The plaintiff contends that the trial justice erred in making such ruling and he bases his contention on the grounds that there was evidence from which a jury could find that plaintiff was invited to ride by and with a servant of the defendant, and that from such evidence and the reasonable inferences therefrom the jury could find that such invitation was within the servant's scope of authority, express or apparent, or that such invitation was extended with the implied consent of defendant.

There is no issue of statutory agency involved in the instant case. The only theory upon which defendant can be held liable for the alleged negligence of his servant is based on the common-law doctrine of *respondeat superior*. After a careful consideration of the entire record, it is our opinion that there is no evidence from which a reasonable inference could be drawn that defendant's servant had the authority to invite the plaintiff to ride with him. We are also of the opinion that there is no evidence from which the jury could draw an inference that the invitation in question was within the scope of the employee-driver's authority or that it had any reasonable relation to the furtherance of defendant's business. We have been unable to find any evidence in the instant record from which a jury could reasonably infer that Michele had any authority from the defendant

to authorize the bartender to invite plaintiff or to consent to plaintiff's acceptance of such invitation.

On the record before us the plaintiff was a guest of the employee-driver and not of the defendant who had no control of the driver or of the driver's guest. See *Rogers* v. *Hebe Co.*, 52 R. I. 274; *Tanguay* v. *Warwick Chemical Co.*, 54 R. I. 445. Inasmuch as the evidence fails to disclose, either expressly or by reasonable inference, any authority from the defendant to its servant or servants to invite the plaintiff to ride in said automobile, it is our opinion that the trial justice was confronted with an issue of law and that he did not err in directing a verdict for the defendant. Exception 6 is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Sidney L. Rabinowitz, Sherwood & Clifford, Raymond E. Jordan, E. Howland Bowen,* for plaintiff.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.