## VINCENT FERLA *vs*. ERNEST ROTELLA.

APRIL 26, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of assumpsit was heard by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff for the full amount claimed by him. The defendant excepted to such decision on the grounds that there was a fatal variance between the plain-

tiff's proof and the pleadings. The case is before this court only on that exception.

It may be well to point out at this time that the record before us includes only a partial transcript of the hearing in the superior court. The transcript consists of the direct examination of plaintiff and the decision of the trial justice. The defendant was given permission by this court to file the partial record presented with the understanding that he would be restricted thereto in briefing and arguing his exception.

The plaintiff's declaration is in the common counts and alleges that defendant is indebted to plaintiff for goods, chattels and effects bargained, sold and delivered by plaintiff to defendant; for work and services and materials furnished by plaintiff to defendant; for money loaned by plaintiff to defendant; for money paid and expended by plaintiff for defendant; for money received by defendant for the use of the plaintiff; for interest; and under an account stated between plaintiff and defendant. The defendant entered his appearance and filed a plea of the general issue and a motion for a bill of particulars.

The plaintiff subsequently filed a bill of particulars stating: "In answer to the Defendant's motion for a Bill of Particulars, the Plaintiff says that the Defendant was a leasee [sic] of Building 5-A, located between the Crystal Maze and Tomato Pie Building at Rocky Point Park, for the period from June 7, 1951 to October 1, 1951, upon which is owed the balance of rental due in the sum of ($600.00) Six Hundred Dollars, plus interest."

At the trial the plaintiff, without objection by defendant, testified that in 1951 he was president and treasurer of Rocky Point Park, Inc.; that said corporation at that time leased to defendant a certain building at Rocky Point Park upon which there was a balance due of $498.74 for the year 1951; that the corporation also paid the 1951 real estate tax and the 1951 liability and fire insurance premiums

which defendant was obligated to pay under the lease; and that in 1953, it being indebted to the plaintiff, assigned to him all of its assets including its claim against defendant.

The plaintiff also testified, without objection, that whenever he spoke to defendant about sums due under the lease he said he intended to pay him. In addition to the foregoing testimony, plaintiff, again without objection by defendant, offered in evidence as exhibits the lease and the assignment above mentioned.

In the hearing before us defendant stated that at the close of the testimony in the superior court he moved to dismiss the case on the ground that the proof did not correspond to the pleadings. While we are unable to determine from the partial transcript exactly what his motion was, it does appear from the decision of the trial justice that defendant had raised a question concerning the failure of the declaration to show any claim for rent due. The trial justice ruled that by going to trial upon the issue of rent which had been raised by the bill of particulars, defendant waived his right to object on such ground.

In our opinion the decision of the trial justice is in error. There is without question a material variance between the declaration and the proof. The declaration contains no allegations setting up a lease or an assignment of any kind. See 6 C.J.S. Assignments §137 c.(1), p. 1191. But plaintiff has proven an express contract for rent and an assignment. The bill of particulars is not a pleading and cannot correct deficiencies in the pleadings. *Williams* v. *Altruda*, 74 R. I. 47, 57.

It appears from the decision of the trial justice that at some time prior to the entry thereof the plaintiff was put on notice that the defendant had raised the question of variance. The plaintiff could have moved at that time to amend the pleadings to conform to the proof. The fact that the defendant did not object to the introduction of the plaintiff's evidence does not constitute a waiver of his right

to raise the issue of variance. Under our practice it was the plaintiff's duty to prove what he had alleged. *Sarcione v. Outlet Co.*, 53 R. I. 76, 79. The defendant was under no duty to aid the plaintiff in the circumstances.

The defendant's exception is sustained, and on May 1, 1961 the plaintiff may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

## On Show Cause Hearing.

### May 18, 1961.

Per Curiam. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant. At that time he presented reasons orally in support of his contention that the trial justice's decision should not be disturbed, and later by leave of court he also filed a brief.

After careful consideration of the argument and brief, we are of the opinion that the plaintiff has failed to show cause why our conclusions should be changed. Therefore the case is remitted to the superior court for entry of judgment for the defendant as directed in the opinion.

*Zietz and Sonkin, James Radin,* for plaintiff.

*Grande & Grande, Aram K. Berberian,* for defendant.