**311 A.2d 841.**

GAIL DARCY *et al. vs.* THOMAS G. CARREIRO.

NOVEMBER 27, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The sole question posited by this petition for a writ of certiorari is whether the running of the one-year

limitations period of *Super. R. Civ. P.* 60(b)(4)[1] barred the Superior Court from granting a motion to vacate a default judgment which is void because process was not served as required by Rule 4(d)(1). That question was specifically left open when we decided *Lamarche* v. *Lamarche,* 108 R. I. 213, 218, 273 A.2d 860, 862 (1971), and for that reason, among others, we ordered the writ to issue. *Darcy* v. *Carreiro,* 110 R. I. 925, 294 A.2d 851 (1972).

Following arguments in this case, we examined the record and then ascertained for the first time that the period which elapsed between the entry of the default judgment and the motion to vacate, instead of being more than one year as alleged in the petition for certiorari, was in fact only slightly less than seven months.

The discrepancy between the fact as disclosed by the record and the allegation which appears in the petition undoubtedly arises from the parties' erroneous assumption that the default judgment in the then pending civil action was entered on March 15, 1971, when the trial justice, after taking testimony on the question of an assessment of damages, rendered a bench decision awarding Gail Darcy $10,-000 plus interest and costs.

But an oral judicial pronouncement will not be considered as the entry of a final judgment under *Super. R. Civ. P.* 58 until it is set forth in writing on a separate document signed by the clerk. *Malinou* v. *Kiernan,* 105 R. I. 299, 300, 251 A.2d 530, 531 (1969); *East Providence Credit Union* v. *Brown,* 104 R. I. 92, 242 A.2d 428 (1968). Here the record discloses that judgment within the contemplation of

---

[1]Pertinent portions of Rule 60(b) read:

"On motion * * * the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * (4) the judgment is void * * *. The motion shall be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken."

Rule 58 was not entered until August 22, 1971, and it is the record, rather than the allegation in the petition, which controls. *Vieira* v. *Vieira,* 98 R. I. 454, 204 A.2d 431 (1964); *New York, N. H. & H. R.R.* v. *Superior Court,* 83 R. I. 292, 115 A.2d 534 (1955).

Hence, the time span between the entry of the final judgment by default on August 22, 1971, and the making of the motion to vacate on March 18, 1972, was less than the one-year time requirement of Rule 60(b)(4). Consequently, petitioners are left without a factual basis for their claim that the Superior Court exceeded its power when it vacated the default judgment.

The writ of certiorari, having been improvidently issued, is quashed, and the papers are ordered to be returned to the Superior Court with our decision endorsed thereon.

*Gerard P. Cobleigh,* for petitioners.

*Sheffield & Harvey, Brian G. Bardorf, William R. Harvey,* for respondent.