PEGGY A. OGDEN *vs.* INABETH RABINOWITZ.

AUGUST 7, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of trespass on the case. The declaration is in two counts, to which the defendant filed a plea of the general issue. The case was tried before a justice of the superior court, sitting with a jury, and resulted in a verdict for the defendant. It is before us on the plaintiff's exceptions to portions of the charge of the trial justice, to certain rulings on evidence made by him in the course of the trial and to his refusal to give to the jury certain instructions requested by the plaintiff.

The following facts are pertinent to the issues raised. On October 1, 1952 plaintiff and defendant were students at Pembroke College, plaintiff being a member of the senior class and defendant a member of the newly admitted freshman class. This was during the period known as Scut Week when the freshmen were required to do certain things at the orders of the seniors. These were referred to in the testimony as silly and trivial things, such as singing songs, wearing bibs, or rising at 5 a.m. and going down to the field for calisthenics, and doing errands for seniors.

On this day plaintiff went up to the room of the defendant and invited her and her roommate to come down to the terrace in front of one of the dormitories and participate in the activities. The plaintiff testified: "The object of the seniors was to get as many people who would participate" and that "It was for fun and enjoyment and a chance to meet the freshmen and freshmen to meet other seniors." There were about fifty freshmen and twenty seniors on this terrace where the activity was taking place. The seniors who were present carried wooden paddles as symbols of authority. They stood around "joking and watching the freshmen as they scrubbed the terrace with toothbrushes." The seniors and freshmen were throwing water at each

other, and people on all the floors were throwing water out of their windows.

The defendant testified that the freshmen had planned as a group to seize the paddles from the seniors at a given signal and to hit them. In accordance with this plan, defendant and other freshmen on a signal from one of the freshmen grabbed the paddles from the seniors. The defendant testified that she grabbed the paddle from plaintiff's hand and hit her once; that she did not intend to hurt her; that she had only intended to tap her lightly on the buttocks; and that in her excitement she did not know with what force and in what part of the back she actually struck plaintiff.

The plaintiff testified that the edge of the paddle struck her in the small of her back and that after she cried out defendant said she was sorry and had not meant to hurt her, but the paddle twisted in her hand. The plaintiff's testimony as to the extent of her injuries and damages is not material in this proceeding and we shall therefore not consider it.

Both counts of the declaration alleged the circumstances under which the injury was inflicted and contained allegations of due care on the part of plaintiff and the duty and breach thereof by defendant. In addition, the first count included the following allegations which are the basis of the issue now under consideration, namely, "and the Seniors would customarily have with them paddles as a symbol of their authority; and the Freshmen would customarily seek to obtain possession of said paddles; that the defendant did obtain possession of a paddle * * *." The second count differed from the first in that it contained the following allegation: "and the Seniors would customarily have with them paddles as a symbol of their authority; that on the final day of said 'Scut Week,' to wit, October 1, 1952, the Freshmen did customarily engage in the sport commonly known as 'hazing' the Seniors, and would attempt to obtain

possession of the Seniors' paddles, and each Freshman would attempt to gently tap the buttocks of a Senior with the face of a paddle; and the said defendant did obtain possession of a paddle for the purpose of tapping the buttocks of a Senior * * *."

However, at the trial plaintiff testified that there never was such a custom and that she never knew of a freshman seizing a paddle from a senior and striking her. She testified further that these allegations were inserted in the declaration without her knowledge.

The plaintiff has filed fifteen exceptions. However, she has expressly waived exceptions numbered 2, 3, 5, 6 and 8, and has briefed and argued the remaining exceptions under six main points. Exceptions 10, 14 and 15 are the basis of plaintiff's point I wherein she contends that the trial justice erred in charging the jury that plaintiff was bound by all of the allegations stated in each count of her declaration and was not permitted by law to deny an allegation that there was a custom of freshmen attempting to gain possession of paddles from seniors or to strike seniors after getting possession of the same.

In referring to the first count the trial justice included the following instruction, namely, "that when a party comes in here charging upon his declaration the defendant with certain wrongs he is bound by the declaration that he files. He recovers upon that declaration or he does not recover at all. He cannot change or shift his ground in the midst of a trial." After referring to the pertinent allegation therein, he continued his charge as follows: "Now in that count the plaintiff admits that it was intended that at that playground during those incidents the defendant or the freshmen should make an effort to get the paddles that the seniors carried with them. The plaintiff can't come into court here now and during the course of the trial say, after having charged that in his declaration, that this defendant or that none of them, none of the freshmen, made any effort

to get control of the paddle except this defendant. The plaintiff sets up this case as being one that arose out of the custom of the struggle for the paddles, the plaintiff must stick to that resolution throughout this trial. She cannot change that ground."

The trial justice also referred to the pertinent allegations in the second count and gave the following instructions relative to the same: "Now in that count two the plaintiff charges that there was intended to be a struggle for the possession of the paddle and that when a freshman secured possession of the paddle the object was to use it in the manner described in the declaration by paddling or slapping upon the buttocks some of the seniors, or one or more of them. Now the plaintiff here is bound by that allegation. She cannot come here and say that that never happens, the struggle for the paddles, that the freshmen never take them, that the freshmen never applied the paddles to the buttocks of the seniors. She has come here asserting that they do and that's what they gathered upon that campus for. So she is bound by that allegation."

During the course of their deliberations the jury asked the trial justice for further instructions relative to plaintiff's denial of the allegations in question and he further instructed the jury as follows: "Now having alleged that in her declaration she cannot deny it on this witness stand, that is what I mean there. The only effect then of her denial would be if you believe it ought to be so operated as to challenge her credibility. You see she sets herself up in opposition to her declaration and I leave it to you to say whether or not that lessens the amount of credibility you would give to her testimony because of that change."

Before considering the contentions of the parties it is pertinent to note that the trial justice had also included in his charge instructions that the plaintiff was entitled to recover upon either of the two counts of the declaration if she prevailed with respect to the burden of proof and other

rules as laid down by him with reference to either of such counts. No exception was taken to this portion of the charge.

The plaintiff contends that she is not bound by the allegations in question because the facts alleged therein were not given to her attorneys by her and because they were inserted without her knowledge. In support of this she has cited *Baldwin* v. *Gregg*, 13 Met. 253, *Farr* v. *Rouillard*, 172 Mass. 303, and *Corbett* v. *Clough*, 8 S. D. 176. The facts and issues in those cases differ materially from the instant case. Those cases dealt with the issue of whether or not certain pleadings were admissible in evidence. In the case at bar the issue raised by the charge of the trial justice is not whether the declaration is in evidence, but whether plaintiff is bound by the facts alleged in her declaration so that it becomes unnecessary for defendant to offer any further proof of such facts.

It is well established that parties to an action are judicially bound by their pleadings therein and that the allegations are conclusive as against the pleader. This rule applies to all pleadings in the case, whether a declaration, complaint or petition, bill of particulars, plea or answer, or other pleading. A party cannot take a position contradictory of, or inconsistent with, his pleadings because the facts which are admitted by the pleadings are to be taken as true against the pleader for the purpose of the action, whether or not they are offered as evidence. 71 C.J.S., Pleading, §59, p. 147; 41 Am. Jur., Pleading, §201, p. 435. *Messler* v. *Williamsburg City Fire Ins. Co.*, 42 R. I. 460; *Sarcione* v. *Outlet Co.*, 53 R. I. 76; *Dimond* v. *Barlow*, 82 R. I. 399.

However, plaintiff further contends that the allegations in question are surplusage and therefore not material or necessary to prove plaintiff's case that defendant was negligent; that such negligence was the proximate cause of the injuries complained of; and that plaintiff was free from

contributory negligence. The plaintiff states the rule of law that no more need be proved, even though more be alleged, than enough to sustain the cause of action or defense relied on. In support thereof she cites several cases including *DePaola* v. *National Insurance Co.*, 38 R. I. 126. Assuming the rule to be as thus stated, we must determine whether it applies to the facts in the instant case.

In our opinion the allegations which plaintiff seeks to vary by her proof are material elements of her cause of action. The plaintiff is suing in trespass on the case in which she seeks a recovery based on a negligent breach of duty by defendant. The facts alleged in the declaration gave rise to the duty of care imposed on defendant and are therefore an essential element of the declaration. The allegations which she now seeks to repudiate stated that plaintiff and defendant were voluntary participants in a game or sport. In such a case the duty of care is such that each participant assumes the risks ordinarily incident thereto. See 7 A.L.R. 2d 704, 714, note. In *James* v. *R. I. Auditorium, Inc.*, 60 R. I. 405, we held that an invitee at a game "ordinarily assumes the risk of an obvious danger or of one that is a matter of common knowledge." See also *Schiano* v. *McCarthy Freight System, Inc.*, 75 R. I. 253.

Moreover the declaration is based on negligence which it is alleged occurred during activities in which both parties participated voluntarily. If the allegations in question are disregarded as surplusage the facts which plaintiff sought to prove at the trial would involve an intentional application of force by defendant and would therefore be trespass. Recovery under such circumstances could not be had in an action on the case. See *Edmands* v. *Olson*, 64 R. I. 39, 43. We are therefore of the opinion the trial justice did not err in instructing the jury that plaintiff was bound by the allegations in question.

Under point II, which is based on the fourth exception, plaintiff contends that the trial justice erred in overruling

her objection to the following question asked by defendant's counsel in recross-examination of plaintiff: "You wish to leave it that your lawyer made it up and put it into this declaration?" This question referred to testimony by plaintiff in redirect examination wherein she testified that to her knowledge there was no such custom as plaintiff had alleged in her declaration and that she had never told any of her lawyers that there was such a custom. The plaintiff contends that the ruling of the trial justice was highly prejudicial to her in view of the close connection it had with the erroneous basic law given to the jury.

In view of our conclusion that the instruction of the trial justice relative to the subject matter of the above-quoted question was not in error, it necessarily follows that this exception is lacking in merit. Moreover it was a proper question because it was recross-examination of testimony given by plaintiff in her redirect testimony relative to a material issue and therefore within the sound discretion of the trial justice. See 4 Wigmore on Evidence (3d Ed.), §1064 (2), p. 48.

The plaintiff's first exception is the basis for point III under which she contends that the trial justice erred in refusing to strike the answer to a question asked of defendant, who was called by plaintiff as a witness under the statute. In cross-examination by her attorney defendant was asked: "So that was one of the uses at least for the paddles, that was to hit the seniors with them at a signal?" She answered in the affirmative. The trial justice denied plaintiff's motion to strike the answer. In view of our conclusions as to point I and also because of the fact that the question and answer related to material facts that plaintiff had alleged in her declaration, there is no merit to this exception.

In point IV, which is based on exceptions 10, 11, 12 and 13, plaintiff contends that the trial justice erred in charging that she was engaged in "horseplay" in "a sort of rough

play for young women" and that this was a game in which it was intended that there be a "struggle for the possession of the paddle." The plaintiff claims that there was no evidence to support the facts stated by the trial justice in the portions of his charge to which she excepted. After a careful examination of the record it is our opinion that the language used by the trial justice was supported by the evidence and the allegations in the declaration or by facts which he could reasonably infer from the declaration and the evidence.

There was testimony on both sides that these activities were being carried on for fun and enjoyment in which there was a degree of confusion. There was also evidence that water was being thrown back and forth at each other and from all the floors out the windows. As we have already concluded under her point I the plaintiff was bound by her allegations relative to the custom that the freshmen would seek to gain possession of the paddles and use them on the seniors. Under such circumstances we cannot say that the language used by the trial justice was prejudicial to the plaintiff or that it was not supported by the evidence and pleadings or inferences reasonably drawn therefrom.

Under points V and VI, which are based on exceptions 7 and 9, the plaintiff contends that the trial justice erred in refusing to grant her request to charge on the definition of negligence and in his refusal to charge with regard to this being the only suit in which plaintiff could recover, and that all her damages must be recovered if at all in this action. After a careful examination of the entire charge, it is our opinion that the substance of these requests was fully covered by the general charge and that the charge as given was a correct statement of the law applicable to the instant case.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

FLYNN, C. J., did not participate in the decision.

*Aisenberg & Joslin, Martin M. Zucker,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Joseph H. Gainer, Jr., Robinson & Adelson, Melvin A. Chernick,* for defendant.