248 A.2d 319.
Joseph F. McKay, Jr. *vs.* Leslie D. Zuckerman.

DECEMBER 3, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is a civil action to recover property damages resulting from the defendant's alleged negligent

operation of a motor vehicle on a public highway in this state. The case was tried to a superior court justice sitting with a jury which returned a verdict for the plaintiff. It is before us on the defendant's appeal from the judgment entered pursuant to that verdict.

The ultimate facts are not in dispute. They established that shortly before noon on November 21, 1964, plaintiff was proceeding northerly in the extreme right-hand lane along Post Road in the city of Warwick. Following plaintiff's motor vehicle, and in the same lane, was a motor vehicle being operated by Ernest DeWitt. This car, in turn, was followed by one operated by defendant Leslie D. Zuckerman.

As the cars were proceeding along an open section of Post Road, plaintiff who was proceeding at approximately 25 to 30 miles per hour, observed a hitchhiker on the side of the road and stopped to pick him up. The plaintiff admitted that he did not know the hitchhiker and that the hitchhiker was in no apparent danger. The driver of the DeWitt vehicle observed plaintiff stopping and stopped in due course. The defendant, however, took her eyes off the cars in front of her in an attempt to determine the feasibility of changing to the passing lane and thus avoiding a stop. She apparently miscalculated distances and struck the DeWitt vehicle in the left rear section, causing it to lurch forward and strike plaintiff's vehicle. This collision resulted in property damage to plaintiff's car, and led to the bringing of the instant action.

In connection with her appeal, defendant assigns as error an evidentiary ruling to which she objected during the course of the trial; certain objections to the charge as given, as well as to the court's refusal to charge as requested; the denial of her motion for a directed verdict; and the denial of her motion for a new trial.

At the outset, we note that two of defendant's assign-

ments of error are so lacking in merit as to require no discussion. They are: that it was error for the trial justice to exclude as evidence copies of proposed legislative amendments, which were not adopted, to the rules of the road, and that the trial justice's charge to the effect that the jury could return a verdict either for plaintiff or defendant, but that in either case their verdict must be unanimous.

We turn then to those assignments of error not palpably lacking in merit. Among them is defendant's contention that the trial justice refused to give four requested instructions which raise but a single issue. Namely, that by stopping on the road to pick up a hitchhiker who was in no apparent danger, plaintiff assumed the risk of an accident occurring, and therefore is barred from recovery under the assumption of risks doctrine as enunciated in *Ogden* v. *Rabinowitz*, 86 R. I. 294, 134 A.2d 416. In that case, which involved participants in a sporting event, this court stated the doctrine thusly, "In such a case the duty of care is such that each participant assumes the risks *ordinarily incident thereto.*" (italics ours)

Whatever merit there may be to applying that doctrine in a proper case of negligence, we are not here called upon to decide, for we think it clear that this case falls within the italicized exception in *Ogden, supra.* Whatever risks plaintiff may have assumed with regard to ordinary hazards, he will not be presumed to have assumed the risk that defendant would be negligent in the operation of her motor vehicle. See *Witort* v. *United States Rubber Co.,* 3 Conn. Cir. 690, 223 A.2d 323 (Cir. Ct. App. Div.) and cases collected in 65A C.J.S., *Negligence* §174 (3).

Consistent with the position that defendant takes regarding the applicability of assumption of risk, she further contends that it was error for the trial justice to charge as he did with regard to contributory negligence. The pertinent portion of the charge alleged to be error is as follows,

"* * * the issue is not so much the person for whom the stopping was made, whether it was a hitchhiker or any other person, the real test is the manner in which the stopping was made." Again, it is on the facts in evidence that an instruction must be viewed, and on the facts of the case at bar, the instruction given was clearly correct. Closely connected with this contention are defendant's further contentions relative to the denial of her requests for instructions to the contrary, and the denial of her motion for a directed verdict. The defendant bases both these contentions on the reasoning that stopping for a hitchhiker is negligence as a matter of law. Having concluded that this latter contention is without merit, it follows that her positions on the denial of her requests for instructions to the contrary, as well as on her motion for directed verdict, are not well taken.

Finally, we turn to the defendant's contention that the decision of the trial justice in denying her motion for a new trial was clearly wrong. This contention, as we understand it, does not rest on the trial justice's misconceiving or overlooking of material evidence. Rather, it rests on the proposition that in light of the totality of the evidence, the plaintiff's stopping to pick up a hitchhiker constituted contributory negligence as a matter of law. The trial justice reviewed the totality of the evidence in light of the instructions he gave to the jury, and agreed with their verdict. In such circumstances, his denial of the motion for a new trial was correct. *Compo* v. *Dexter,* 101 R. I. 311, 222 A.2d 681.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Edward W. Day, Jr.,* for plaintiff-appellee.

*Martin Malinou,* for defendant-appellant.