DECISION
MOTION BEFORE THE COURT — PLAINTIFF'S MOTION TO AMEND COMPLAINTPURSUANT TO RULE 15 (a), SUPER. R. CIV. P.
On May 19, 1993, plaintiff, Walter Broncard purchased real property from the defendant, Rhode Island Broadway Properties, Inc. The previous owner was defendant, Fleet National Bank ("Fleet"), who foreclosed the property and was the successful bidder at the auction. In March 1992, defendant Fleet executed an affidavit stating that they published notice of the foreclosure and mailed the required notices in accordance with Mass. Gen. Law Ch. 244 Sec. 14. The defendants, Rhode Island Broadway Properties and Fleet were represented by Edwards Angell ("E A"). E A was informed that a junior lienholder never received notice of the foreclosure sale. E A did not notify the plaintiff. Subsequently, the plaintiff discovered the defect in title and plaintiff's counsel contacted E A about the defect, but to no avail. The plaintiff subsequently incurred expenses in his efforts to cure the defect. The plaintiff's motion requests to amend the complaint to add Edwards Angell with leave of court.
A party may amend party's pleadings after responsive pleadings are served by leave of court. Super. R. Civ. P. Rule 15 (a). Leave to amend a pleading lies within the sound discretion of the trial judge, and his or her decision will be disturbed on appeal only if it constitutes an abuse of discretion. Babbs v.John Hancock Mutual Life Insurance Co., 507 A.2d 1347, 1349 (R.I. 1986); Bresnick v. Baskin, 650 A.2d 915, 916 (R.I. 1994). Amendments to pleadings should be freely and liberally permitted when justice so requires. Super. R. Civ. P. Rule 15 (a). Absent futility of amendment, a motion to amend pleadings may be granted. Ricard v. John Hancock, 324 A.2d 671, 677 (R.I. 1974). Here, plaintiff's motion to amend pleadings should be granted.
A. Applicable Law
In tort cases the law that governs is the state that has the most significant relationship to both the occurrence and the parties. Restatement (second) of conflicts Sec. 145. The court must engage in interest analysis weighing several factors, such as, the place of injury and conduct, the domiciles of the parties, and the place where the relationship of parties are centered. Brown v. Church, 252 A.2d 176, 179 (R.I. 1969).
Massachusetts law applies to this case. Massachusetts has the most significant interest in governing the matter. Massachusetts is the place of injury, and the domiciliary of the plaintiff. Also, the defendant has a place of business in Massachusetts. In addition, the relationship of the parties is centered in Massachusetts because this is where the property involved is located.
B. Negligent Misrepresentation
Plaintiff argues that his amendment to add Edwards Angell is not futile. Plaintiff further argues he has a claim against Edwards Angell based upon the tort theory of negligent misrepresentation. Plaintiff claims he relied on Edward 
Angell's representation; he further claims that the affidavit was false, since a junior lienholder was not notified. According to the plaintiff, Edward Angell misrepresented information when they did not inform plaintiff of the faulty affidavit.
Defendant, Fleet, argues the amendment of the plaintiff's pleading to include Edwards Angell would prejudice Fleet. Fleet will incur unnecessary expenses in acquiring additional defense counsel. The defendant further argues that plaintiff's claim fails for the following reasons: (1) E A owed no duty of care to plaintiff because he is not a client of E A; (2) even if the court imposed a duty under the theory of misrepresentation, defendant could not have reasonably foreseen reliance by a third party. The affidavit was for internal purposes and records. Last, the defendant claims the addition of E A will infringe upon Fleet's right to confidentiality in its privileged attorney-client communication.
In Massachusetts, the general law is a lawyer does not owe a duty of care to a non-client. One National Bank v. Antonellis,80 F.3d 606, 609 (1st Cir. 1996). However, a lawyer owes a duty of care to a non-client who he or she knows will rely on the services rendered. Kirkland Construction Company v. James,658 N.E.2d 699 (Mass. 1995). This becomes a question of whether the defendant could have reasonably foreseen reliance by others. Although the defendant argued that E A did not reasonably foresee reliance on the affidavit that was intended for internal records, the defendant was contacted by plaintiff's counsel. Moreover, the affidavit was made public in 1992. This ultimately becomes a question of fact for the fact finder to resolve.
In addition, an attorney does not owe a duty to a non-client if such an independent duty would potentially conflict with the duty the attorney owes to his or her client. One National Bank v.Antonellis, 80 F.3d 606, 609. (1st Cir. 1996). Here, there is no potential conflict between E A's duty to Fleet and the duty owed to the plaintiff. Assuming E A drafted the affidavit, the affidavit was a public document. E A owed the same duty to Fleet that it owed the plaintiff, to accurately represent information.
CONCLUSION
Plaintiff's Motion to Amend his Complaint, adding as defendant Edwards Angell, is granted. Counsel for prevailing party shall submit an order consistent with this Decision.