DECISION
Plaintiff, Philip Ryan Homes, Ltd. has filed a motion to amend its complaint under Super. Ct. R. Civ. P. 15. The Court heard argument from both Plaintiff and Defendant's counsel on July 22, 2002. The Court took the case under advisement and the matter is now in order for decision.
Plaintiff's initial complaint avers a cause of action lying in specific performance. Plaintiff alleges that on December 7, 1997, Plaintiff and Defendant, John Brendan Wynne, in his capacity as the Trustee of the John Brendan Wynne Revocable Trust, entered into a purchase and sales agreement for property identified as Assessor's Plat 209, Lots 1 and 6 and located on Ives Road, Warwick, Rhode Island. Plaintiff asseverates that a binding agreement exists between the parties obligating Defendant to convey title to Plaintiff. Plaintiff maintains that it is ready, willing, and able to close the purchase.
Plaintiff filed its first complaint on May 3, 2001. On June 10, 2002, Defendant, moved to accelerate this matter for trial under R.I.G.L. 1956 § 9-2-18[1]. Plaintiff did not object to Defendant's motion and Justice Vogel entered an order on June 10, 2002 granting Defendant's requested relief. At some point in time between June 10, 2002 and the hearing on July 22, 2002, Plaintiff retained new counsel, although a review of the record limns that new counsel has not filed a formal entry of appearance as of date. Plaintiff's new counsel wishes to "clean-up" the file by adding two new counts, namely promissory estoppel and quasi contract. This case has been the subject of an aggressive scheduling order and is assigned for trial on August 5, 2002. Exhibits, witness lists, and pre-trial memoranda are due on July 29, 2002.
During oral argument, Plaintiff's counsel contended that as newly appointed counsel, he had an obligation to his client to "clean-up" the file and proceed to trial with a case based on the merits. Plaintiff's counsel expressed his willingness to forego the August 5th trial date; allow further discovery; and set a new date for trial.
For her part, Defendant's counsel argued that Plaintiff's proposed amended complaint would be highly prejudicial should this Court allow an amendment. According to Defendant, Plaintiff's requested amendments based on promissory estoppel and quasi-contract are in direct contravention of the current complaint's sole request for specific performance based on breach of contract. Defendant's counsel contends that she has prepared this case for trial based on a complaint lying in breach of contract. She maintains that should this Court allow the amendment then she would be required to alter her defense and trial strategy. Defense counsel contended that in her preparations for trial she did not plan on calling her client as a witness. (Defendant currently resides in Florida). Based upon Plaintiff's proposed amendments, Defendant's counsel stated that she would need prepare a defense on promissory estoppel and quasi contract; meet with her client; engage in information gathering; and call her client as a witness.
The Court's authority to permit amendments to pleadings is embedded in Rule 15 (a). Amendments to pleadings are not granted as a matter of right but instead rest within the sound discretion of the trial justice.Bresnick v. Baskin, 650 A.2d 915, 916 (R.I. 1994); Faerber v. Cavanagh,568 A.2d 326, 328 (R.I. 1990). However, as a general rule, motions to amend are granted liberally if justice so requires. Faerber, 568 A.2d at 328-329. While Rule 15 "allows a litigant to change horses in midstream", Gormley v. Vartian, 121 R.I. 770, 403 A.2d 256, 260 (1979), a party may not do so if it would result in undue prejudice to the opposing party. Therefore, when deciding whether to allow an amendment, the trial justice must inquire as to the degree of prejudice, if any, the opposing party would suffer should the Court permit an amendment. Faerber, 568 A.2d at 329.
In Bresnick v. Baskin, 650 A.2d 915 (R.I. 1994), our Supreme Court addressed the issue of prejudice in the context of a party seeking to amend its complaint of the eve of trial. Samuel and Evelyn Bresnick filed a complaint alleging that their neighbors, Aron and Tsilya Baskin, (1) wrongfully trespassed on their property; (2) committed willful destruction of the Bresnick's trees and shrubs; (3) converted two feet of the Bresnick's property; and (4) wrongfully erected a fence on the Bresnick's property. A survey of the disputed property line revealed that the Baskins had properly constructed a chainlink fence on their property. Following the results of the survey, the Bresnick's filed a motion to amend their complaint alleging that owned by the disputed strip of land by way of adverse possession. The trial justice denied the motion to amend the complaint and our Supreme Court affirmed. The Supreme Court held that the Bresnick'sinitial complaint did not provide the Baskin's with fair notice of an adverse possession claim. Bresnick, 650 A.2d at 916. The Court further stated that since the elements of an adverse possession claim are well-known, the Bresnicks could not wait until the day of trial to amend their complaint.
In the instant matter, Plaintiff's initial request for specific performance failed to provide Defendant with adequate notice of new counts lying in promissory estoppel and quasi contract. Rule 8 of the Superior Court Rules of Civil Procedure provides for liberal pleadings. While a plaintiff need not "set out the precise legal theory upon which his or her claim is based", a plaintiff must provide "the opposing party fair and adequate notice of the type of claim being asserted." Bresnick v.Baskin, 650 A.2d 915, 916 (R.I. 1994) (quoting, Haley v. Town ofLincoln, 611 A.2d 845, 848 (R.I. 1992)). "[P]arties to an action are judicially bound by their pleadings therein and. . .the allegations are conclusive as against the pleader." Bresnick, 650 A.2d at 916 (quoting, Ogden v. Rabinowitz, 86 R.I. 294, 300, 134 A.2d 416, 419 (1957)). Surely, Plaintiff was familiar with the dealing of the parties when it filed its complaint in May 2001. Recovery based on promissory estoppel and quasi contract is legally distinguishable from a request for specific performance based on an enforceable written contract. See Vincent, 572 A.2d at 283 (dram-shop claim amended to complaint, although factually similar to the existing wrongful-death claim, set forth a legally distinguishable theory of recovery preventing the amending of the complaint on the eve of trial). The count for breach of contract seeking specific performance rests upon an allegation that a written and binding agreement exists between the parties obligating Defendant to convey title to Plaintiff. The proposed amendments rise out of the parties' dealings after they entered into the purchase and sales agreement. The new counts do not arise out of the "same occurrence as described in the original complaint and failed to put [Defendant] on notice of the substance of what was sought to be added by [its] amendment." Mainella v. StaffBuilders Indus. Services, Inc., 608 A.2d 1141, 1145 (R.I. 1992).
Furthermore, Plaintiff has failed to articulate any reason for delay in filing an amended complaint. "Delay in moving to amend increases the risk that the opposing party will not have an adequate opportunity to prepare his [or her] case on the new issues raised by the amended pleading." Vincent v. Musone, 572 A.2d 280, 283 (R.I. 1990) (quoting, 6 Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 1488 at 670-71 (1990)). Plaintiff has failed to offer this Court any "valid reason for [its] neglect and delay." Vincent, 572 A.2d at 283.
With less than two weeks to trial, Plaintiff's proposed amendments would compel defense counsel to craft a new defense strategy for these new causes of action. As the record reflects, discovery has not been conducted in this case. The prejudice suffered by Defendant could be alleviated if this Court granted a continuance or postponed the trial. However, in light of Defendant's motion to accelerate and Plaintiff's failure to object, the case stands ready for trial. Furthermore, it is important to remember that Plaintiff filed a lis pendens against Defendant's property. The filing of a lis pendens effectively binds a property owner's ability to convey marketable title. Such matters warrant quick resolution. As a participant in the negotiations leading up to the purchase and sales agreement, Plaintiff was certainly familiar and knowledgeable anent the dealing of the parties. Its failure to set forth counts based on promissory estoppel and quasi contract cannot be used now as an eleventh hour surprise. Accordingly, Plaintiff's motion to amend its complaint is hereby denied.
[1] R.I.G.L. 1956 § 9-2-18 provides as follows: Acceleration of actions when party 65 or older-Any civil action in which a plaintiff or a defendant has attained the age of sixty-five (65) years, and is not a corporation, partnership, association, or other such entity, shall be accelerated to trial at the request of the party. This chapter shall not be construed so as to preclude reasonable discovery.