SCREW MACHINE PRODUCTS CORPORATION *vs.* CUTTER & WOOD SUPPLY CO.

JUNE 17, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)  New Trial.  Misconduct of Juror.  Judicial Discretion.*

The claim of misconduct of a party's witnesses with a juror is addressed to the judicial discretion of the trial court and where the appellate court find

no abuse of such discretion, the action of the justice in granting a new trial on such ground will not be disturbed.

(2)   New Trial.   Stating Grounds of Decision.

In decisions granting motions for new trials it would be a desirable practice to indicate the grounds of such decision.

ASSUMPSIT.   Heard on exception of plaintiff and over-ruled.

SWEETLAND, C. J.   This is an action of assumpsit to recover damages for the alleged breach by the defendant of its undertaking to deliver certain merchandise to the plaintiff.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. The defendant duly filed its motion for a new trial based on the grounds that the verdict was against the law and the weight of the evidence, and on the further ground of the misconduct of the general manager of the plaintiff and one of its principal witnesses with a member of the jury during the progress of the trial.   At the hearing upon the motion said justice granted a new trial.   The plaintiff duly excepted to the decision of said justice and the case is now before us upon the plaintiff's exception thereto.

Said justice did not render a written decision upon said motion; and the plaintiff urges to us that said justice did not disapprove the verdict on the ground that it was not war-ranted by the evidence, and hence failed in that regard to do justice between the parties, but that he granted it solely upon his finding that, on the affidavits presented to him, an officer and a witness of the plaintiff were guilty of such mis-conduct with a member of the jury as to vitiate the verdict. The defendant disagrees with this claim of the plaintiff.   In that position the defendant is supported by the record.   It appears from the transcript that at the trial, upon the defendant's motion to direct a verdict, said justice had great hesitancy in permitting the case to go to the jury at all.   He stated that the evidence of the plaintiff was not satisfactory

to him but that he was unwilling to hold as a matter of law that there was no evidence to support the plaintiff's claim. His action in afterwards granting a new trial is in accordance with the decisions of this court that while a trial justice is only warranted in directing a verdict for the defendant when

(1) there is no legal evidence supporting the plaintiff's claim, it is his duty to set a verdict aside when in his judgment such verdict fails to do justice between the parties, although there may be some evidence to support it.

The claim of misconduct was addressed to the judicial discretion of said justice. He had had the participants in the alleged misconduct before him at the trial and was better able to pass upon the weight that should be given to the affidavits presented to him than we are. We find no abuse of the discretion of said justice which would compel us to disturb his decision based upon this ground of the motion.

We think, however, that from the record we should treat the decision of said justice as based also upon the ground of the insufficiency of the plaintiff's evidence and we find no error in his decision upon that ground.

We wish to say that in our opinion it would be a desirable practice if in his decision granting a motion for new trial a justice of the Superior Court should indicate the grounds of

(2) his decision. Cases frequently arise where the position of a justice in granting a new trial is less apparent than in this case; and it would prevent question and uncertainty and would assist this court in the consideration of an exception to such decision, if the ground upon which it is based appeared upon the record, even though no written decision is filed.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for a new trial.

*Kenneth J. Tanner, Francis B. Keeney, Swan & Keeney,* for plaintiff.

*McGovern & Slattery,* for defendant.