EMPIRE CREAM SEPARATOR CO. *vs.* ALFRED PARILLO.

JANUARY 2, 1925.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Agency.  Declarations.*

Declarations of a person assuming to act as the agent of another are not admissible to prove his agency.

*(2)  Hearsay Evidence.  Approval of Verdict by Court.*

Where the jury had nothing but hearsay testimony upon which to base a verdict the approval by the trial court of the jury's finding adds little if any weight to the verdict.

ASSUMPSIT.  Heard on exceptions of plaintiff and exception to refusal to grant new trial sustained.

RATHBUN, J.  This is an action in assumpsit on two promissory notes of the face value of $64 and $240, respectively, given in payment for merchandise.  The defendant contended that there was a failure of consideration and that the payee received the notes as agent for the plaintiff.

The case was tried before a justice of the Superior Court sitting with a jury.  Said justice directed a verdict for the plaintiff on one note and submitted to the jury issues as follows:  Whether there was a failure of consideration for the second note and also whether the payee, in receiving

said note, was acting as agent for the plaintiff. The jury decided both issues in favor of the defendant and the case is before us on the plaintiff's exceptions as follows: To the refusal of the trial justice to direct a verdict for the plaintiff on the second note and to the denial of the plaintiff's motion for a new trial.

It appears that one A. J. Fuller from time to time sold farming implements to the defendant and received in payment the defendant's promissory notes payable to Fuller's order. The defendant contends that Fuller in making these sales was not doing business for himself but was acting as agent for the plaintiff; that the second note was given in payment for an Empire gasoline engine and that Fuller, instead of delivering an Empire engine, shipped to the defendant a Monarch engine. The plaintiff's testimony, which was submitted on deposition, is to the effect that Fuller was never the agent of the plaintiff; that the plaintiff sold farming implements to Fuller who resold them to his customers; that the plaintiff at times received on account of Fuller's indebtedness notes which he had taken in payment for merchandise; that Fuller purchased for resale farming implements from persons' other than the plaintiff; that the second note was received by Fuller in payment for an engine which he purchased from another concern; that the plaintiff received said note on account before the same was due and that the plaintiff had no notice of any alleged failure of consideration.

The defendant testified that he was told by Fuller that he was acting for the plaintiff. Fuller was not called by either party to testify and the defendant produced no other evidence tending to show that Fuller, in making sales to the defendant was acting as agent for the plaintiff. This evidence was hearsay and was for that reason inadmissible and would doubtless have been excluded had an objection to its admission been made. The rule is clearly stated in *Paulton* v. *Keith*, 23 R. I. 164 at 165: "It is a general rule that the declarations of a person assuming to act as the agent of

another are not admissible to prove his agency. He may be called as a witness to state what orders he has received, and upon that point he would be subject to cross-examination, from which a limitation of his authority might appear. But to allow his statement to others upon a vital point as to which he cannot be cross-examined is, obviously, hearsay testimony and contrary to the well-settled rules of evidence". As the jury had nothing except this bit of hearsay testimony upon which to base a verdict the approval by the trial justice of the jury's finding adds little, if any, weight to the verdict. Not only has this hearsay testimony little probative force by reason of its being hearsay but it is inconsistent with the defendant's own admission that not one of the many notes given by him to Fuller in payment for merchandise was payable to the plaintiff. We are of the opinion that the plaintiff's clear and consistent testimony that Fuller was never the agent of the plaintiff and that Fuller obtained the engine in question from another concern greatly outweighs the hearsay statement in question and consequently strongly preponderates against the verdict.

The plaintiff's exception to the refusal of the trial justice to grant a new trial is sustained. The other exception is overruled and the case remitted to the Superior Court for a new trial.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien,* for plaintiff.

*Benjamin Cianciarulo,* for defendant.

