MARIE E. SWEENEY *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

MARCH 5, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence. It is now before this court on the plaintiff's exception to the decision of the trial justice granting the de-

fendant's motion for a new trial after a jury in the superior court had returned a verdict for the plaintiff.

She seeks damages from the defendant because of a collision on September 5, 1939, in the city of Warwick, between her automobile, which she was driving, and a bus owned by the defendant and operated by its agent. The evidence shows that at the time of the accident, which was about 9:15 a. m., the plaintiff, then sixty-eight years old, was driving in a general northerly direction on Fair street at a point where that street has a U or an S curve. The defendant's bus at that time was moving in the opposite direction on that street. Apparently there was a light rain that morning shortly before and soon after the accident happened, but at that particular time the sun was shining and the weather was clear. The evidence as to how the collision occurred and what caused it is hopelessly in conflict.

According to the plaintiff's evidence, she was operating her automobile, just before the accident, on her right side of Fair street at a moderate rate of speed and as she neared the before-mentioned curve she saw the defendant's bus some distance away approaching at a speed of between twenty-five and thirty miles per hour approximately in the center of the highway. At that time the bus driver had his head down towards the floor of the bus and a woman passenger behind him was holding onto her seat. Thereafter the driver looked up, turned his steering wheel and the bus went over towards its left side of the street. To avoid a collision the plaintiff then turned her automobile into a private driveway which entered Fair street on her right. The rear end of the bus then swung around, mounted the curbing, and continued over the lawn and driveway contiguous thereto, and struck the left side of plaintiff's automobile, which was standing with its front part on the lawn and its back part in the driveway of the private estate. The bus, the rear tires of which allegedly were worn and in poor condition, then crossed Fair street and stopped on its right side of that street at an angle with the curbing.

On the other hand, it appeared from the defendant's evidence that the bus was being operated at a low rate of speed around the curve on Fair street on its right side of that highway, and that the bus driver saw the plaintiff's automobile approaching him at a speed of between fifteen and twenty miles per hour. Each vehicle continued around the curve on its proper side of the street, and the plaintiff's automobile passed the front part of the bus and proceeded beyond the bus driver's vision, at which time the vehicles were near the driveway above referred to. The bus had continued on the same general course as above described when the driver heard a bang at the rear of the bus, which he quickly stopped at a slight angle with and near to its right curbing. He got out of the bus and saw the plaintiff's automobile completely off the highway on the said driveway and lawn of the private estate. The rear tires of the bus were in good condition and it did not skid or mount the curbing near the driveway.

The uncontradicted evidence showed that the macadam portion of Fair street opposite the driveway was 23 feet wide, that there was a ten-foot gravel shoulder on the side of the street on which the plaintiff was proceeding, and that the bus was eight feet wide. The only damage to the bus was a dent on the body at the extreme rear on the left side. However, the whole left side of the plaintiff's automobile, including both the front and rear mudguards, the running board and the door, was pushed in, the steering rod was bent, both wheels on the left side were damaged and the automobile could not be driven under its own power. In addition, it appeared that there were no marks on the driveway or lawn in question to indicate that any part of the bus had left the street, gone up onto said driveway and lawn and then gone back into the street again.

In substance, the plaintiff's contention is that the bus skidded by reason of the negligent manner in which it was operated and because of its defective tires, and that the rear end swung around to its left, mounted the curb and struck the plaintiff's automobile which was then standing in the

place described by her in her testimony, as hereinbefore set out, to which place she had driven the automobile in order to avoid a collision. The defendant, however, maintains that the plaintiff, in passing the bus on the curve, misjudged distances and the speed of the vehicles, and that the left side of her automobile, particularly toward the front, hit the left side of the bus at the extreme rear and then veered off to the right up into the driveway in question and stopped.

In the rescript which the trial justice filed when he granted the defendant's motion for a new trial he referred to certain physical aspects of the situation as disclosed by the evidence, and found that the evidence did not preponderate in favor of the exercise of due care by the plaintiff, but indicated lack of care on the part of each operator, and held that the verdict did not do substantial justice between the parties.

The plaintiff argues that the trial justice, in finding that the preponderance of the evidence did not show the plaintiff to be in the exercise of due care, disregarded positive and uncontradicted testimony; that in granting the defendant's motion he merely substituted his opinion for that of the jury; that he misconceived the value of the evidence; and that his decision was not based on any valid reason appearing in the record.

In the light of these contentions, we have carefully considered the evidence and the rescript of the trial justice and, without further particularization, we are of the opinion that such contentions are without merit. In our judgment, the trial justice, in deciding the defendant's motion, did not without reason or foundation in the evidence merely substitute his opinion for that of the jury; nor did he misconceive or disregard the alleged positive and uncontradicted evidence because, in our opinion, it was not uncontradicted. On the contrary, as required by well-settled principles of law, he passed his independent judgment upon the weight of the conflicting evidence and the credibility of the witnesses. *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180. Such being the case his decision is entitled to the weight usually

accorded thereto under our practice. Under all the circumstances, we cannot say that his decision is clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*E. Raymond Walsh, Walter J. Hennessey,* for plaintiff.

*Earl A. Sweeney, Frank J. McGee,* for defendant.