STATE *vs.* FRANK TERRANOVA.

JULY 9, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an indictment for assault with intent to murder Margaret Terranova, defendant's wife. The jury returned a verdict of guilty. A motion for a new trial was heard and denied. The case is before us on defendant's exceptions to this decision, to the denial of his motion for a directed verdict, and to rulings on the admission or exclusion of evidence.

A mere outline of the evidence is sufficient for our purpose. In the forenoon of Sunday, March 10, 1946, the defendant, then fifty-six years old and the father of eight children, worked with two friends building a wall on his

premises in the town of Westerly in this state. They stopped working about noontime and went into the kitchen of defendant's home for dinner, in the course of which they drank some five quarts of wine, with the result that they all became intoxicated to an extent that was variously described in the evidence.

Shortly after the friends had left and while the defendant was still in the kitchen, he and his wife began to argue, in the presence of other members of the family, over her failure to mend his overalls. Apparently incensed by the course of the argument, he went into an adjoining room, where he procured a loaded revolver which he kept in a valise, and fired one shot from it into the kitchen. The bullet struck the wall in back of the kitchen table, about three feet from the floor. Only one shot was fired and no one was injured.

■■■ On the record before us the only exceptions necessary to consider are those to the denial of defendant's motions for a directed verdict and for a new trial. At the conclusion of the state's case, the defendant moved for a directed verdict without waiving his right to go on with the defense. The motion in this form was in effect a motion for a nonsuit, which, being addressed to the discretion of the court, admits of no exception to its denial. The defendant, if he so desired and with the understanding that he would be bound by his action, could have finally rested his case at the termination of the state's evidence, without himself offering or introducing any evidence, and moved for a directed verdict, in which case he would have been entitled to an exception to the denial of his motion as a matter of right. *State* v. *McElroy*, 71 R. I. 379. This exception is overruled.

■ The defendant's motion for a new trial should have been granted. Contrary to our approved practice, the trial justice in this case denied the motion without stating his reasons for so doing. In deciding a motion for a new trial, the trial justice should state in a definite manner

sufficiently for our consideration his opinion upon all of the material grounds relied upon in support of the motion, as the parties and this court, in the event that the case is brought here on exceptions, are entitled to know the reasons for his decision. *Severiano* v. *Diwinsky*, 58 R. I. 237; *Powell* v. *Gallivan*, 44 R. I. 453, 456. In *Somerset Realty Co.* v. *Shapiro*, 51 R. I. 417, at page 420, this court said that, while great weight is given to the opinion of the trial justice on the question of the justice or injustice of a verdict, yet his opinion is not conclusive; it must be based upon some valid reason which can be found upon consideration of the record of the court proceedings or in the rescript, or its equivalent, of the trial justice.

However wanton defendant's act may have been, the offense charged in the indictment was not committed unless there was an assault, within the legal meaning of that term, on his wife, Margaret. The instant case is governed by the case of *State* v. *Baker*, 20 R. I. 275, where the law applicable in the circumstances under consideration is clearly stated and therefore need not be repeated here.

 There is some conflicting evidence in the record before us of threats by the defendant to do his wife bodily harm, and some evidence, mainly negative in character, that she probably was in the kitchen when the shot was fired. But there is no evidence, direct or by reasonable inference, tending to establish that the defendant pointed the revolver at her or that he even shot in her direction. The only evidence as to the existing situation when the shot was fired appears in a written statement that the chief of police secured from the defendant on the morning following the occurrence. This statement, which was put in evidence by the state, contains nothing that would supply the missing and important particulars that we have just mentioned. Speculation and conjecture cannot cure such a fundamental defect in the evidence.

The case at bar turns on the absence of vital evidence necessary to establish the commission of the offense charged

in the indictment, and not on the credibility of witnesses. A careful examination of all the evidence convinces us that the trial justice was clearly wrong in approving the verdict.

The defendant's exception to the denial of his motion for a new trial is sustained, and the case is remitted to the superior court for a new trial.

*John H. Nolan,* Attorney General, *A. Norman LaSalle,* Assistant Attorney General, for State.

*Frank S. Cappuccio,* for defendant.