WILLIAM MARTINELLI *vs.* GEORGE STEINER.

NAPOLEON STIZZA *vs.* GEORGE STEINER.

DOMENIC CAMPANO *vs.* GEORGE STEINER.

JULY 20, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. These three actions of trespass on the case for negligence were brought to recover damages for injuries

allegedly sustained as the result of a collision between an automobile in which the plaintiffs were riding and a car owned and operated by the defendant. The cases were tried together in the superior court and at the conclusion thereof the jury returned a verdict for the defendant in each case. Thereafter the trial justice granted the plaintiff's motion for a new trial in each case and each case is here on the defendant's single exception to such decision.

The collision occurred at the intersection of Atwells and Harris avenues in the city of Providence on December 24, 1952 at about 7:30 p.m. The intersection involved is not the usual right angle intersection. Atwells avenue at this point runs east and west. Harris avenue enters Atwells avenue on the southerly side at right angles but on the northerly side thereof it enters the intersection diagonally from a northeasterly direction.

The defendant testified that he had approached Atwells avenue along Harris avenue, coming from the northeast. He stopped at the intersection because the traffic light was red against him. When the light changed to green he entered the intersection, intending to cross Atwells avenue and to enter Harris avenue and proceed south. When he reached the center of Atwells avenue he stopped again to permit two cars moving north out of Harris avenue to cross in front of his car as they made left turns into Atwells avenue. His testimony as to how far he had traveled from the stop light on Harris avenue to the center of Atwells avenue was vague and uncertain. When the cars had crossed in front of him, defendant started his car again, moving toward Harris avenue. He looked to his right and saw the lights of a car coming along Atwells avenue from the west which he testified was then 100 to 150 feet away. When he had moved some 10 or 12 feet toward Harris avenue the other car appeared suddenly before him. He testified that he "jammed on" his brakes throwing his front seat passenger, Alexander Koslowsky, against the windshield

with such force as to break it. He moved one or two feet further and ran into the left side of plaintiff's car.

The testimony of the witness Koslowsky differs in some essentials from that of defendant. Koslowsky, who was riding on the front seat with defendant, testified that when defendant started the car, after waiting at the center of Atwells avenue for two cars to pass in front of him, he looked to the right and saw the other car coming from the west along Atwells avenue about 40 to 50 feet away and moving at a speed of about 30 miles an hour. He further testified that defendant's car moved some 10 or 12 feet when the other car appeared in front of it. Koslowsky also testified that defendant slowed down on the brake, moved one or two feet, and hit the left side of plaintiff's car. He also testified that the light was red against plaintiffs just before and at the time of the collision.

The plaintiff Napoleon Stizza, operator of the other car involved, testified that he was driving east along Atwells avenue and approached the intersection of Harris avenue at a speed of from 10 to 15 miles an hour. The other plaintiffs, William Martinelli and Domenic Campano, were riding on the front seat with him. Stizza testified that the light was green and that he entered the intersection and had proceeded about a quarter of the way across when he saw defendant's car coming toward him from his left. He further testified that it was not moving in a direction that would lead it across his path but was coming diagonally alongside of him on his left side. Stizza tried to turn to his right in an attempt to avoid the collision but defendant turned to his left and ran into the left side of Stizza's car. The other plaintiffs substantially corroborated the operator as to the fact that the traffic light was green in their favor and as to his speed when he entered the intersection.

The trial justice in his decision granting each plaintiff's motion for a new trial stated that from a review of all the evidence he concluded that plaintiffs were in the exercise

of due care and that defendant was not; that the testimony of defendant and his witnesses that the light was green for them and red for plaintiffs was not credible; and that the testimony of plaintiffs as to the manner in which the collision occurred was substantially credible while that of defendant and his witnesses on the same issue was not. The trial justice makes it clear that he passed unfavorably on the weight of the testimony given in defendant's behalf and held that in his independent view the evidence clearly supported the claim of the plaintiffs.

The substance of defendant's contentions that the trial justice erred in granting plaintiff's motion for a new trial in each case is that he has misconceived the testimony and has substituted his opinion for that of the jury in a case where the evidence is conflicting and so closely balanced that the verdict of the jury should be allowed to stand.

With this in mind, we have carefully examined the transcript and we conclude that the evidence adduced in support of defendant is not free of discrepancy and improbability. From such examination we are of the opinion that the trial justice in reaching his decision did not misconceive or overlook any material part thereof. It is clear that he decided that the evidence was not so closely balanced as reasonably to lead fair-minded persons to different conclusions, as is urged by defendant. He therefore applied our well-established rule that he should independently consider the evidence, the weight thereof, and the credibility of the witnesses, and determine therefrom whether the verdict was supported by a preponderance of the evidence and did substantial justice between the parties. *Sweeney* v. *United Electric Rys.*, 69 R. I. 47.

In our judgment the trial justice, in passing on the credibility of the witnesses and the weight of the evidence, performed his duty under the above-mentioned rule. Since we cannot say that he misconceived or overlooked any ma-

terial testimony or that his decision on the conflicting evidence was clearly wrong, his decision should stand.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for a new trial.

*Anthony Grilli, Frank J. McGee,* for plaintiffs.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.