STATE *vs.* ROBERT A. WERNER.

APRIL 25, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an indictment charging the defendant with committing rape. The jury returned a verdict of guilty. The case is before us on the defendant's exceptions to the denial of his motion to dismiss, to certain incidents and evidentiary rulings during the trial, and to portions of the charge.

The evidence as to the occurrence of the alleged offense is in direct conflict. The state's case depended almost entirely on the testimony of the complainant Lois M. Werner. She testified in substance that the alleged rape occurred in her home about 8:55 a.m. on March 28, 1955. On the other hand defendant testified that he did not see Mrs. Werner, who was his sister-in-law, at any time during the day in question. He also presented certain witnesses to prove that he was elsewhere at the time the offense is alleged to have taken place. We do not deem it necessary for our purposes to present a detailed statement of the conflicting testimony.

Although defendant has briefed and argued several exceptions, in view of our conclusion we will consider only his fourteenth exception relating to certain remarks made by the prosecutor during his summation of the case to the jury. In our opinion such remarks were improper and the trial justice's ruling was erroneous and constituted prejudicial error.

It appears from the record that in his argument to the jury the prosecutor made certain remarks to which defendant's attorney immediately objected by stating to the court:

"I object to the reference of other affairs brought into this case." The defendant's exception to the overruling of such objection by the trial justice was duly noted. The court stenographer was not present during the occurrence of this incident. However, the trial justice allowed to be made part of the record an affidavit, signed and sworn to by defendant's counsel, relating to the remarks made by the prosecutor and the trial justice to which defendant objected.

The affidavit sets forth in substance that during the prosecutor's summation of the case to the jury, in referring to the law protecting a woman, the prosecutor said: "What do we have to wait for, take Newport County with five murders"; that at this point defendant's attorney arose, interrupted the prosecutor's argument, and objected to his remarks; and that the trial justice said "fair comment." The defendant contends that the prosecutor's reference to five murders in Newport county and the trial justice's comment that such remarks were fair comment were prejudicial to him and deprived him of a fair and impartial trial. The state, on the other hand, contends that the prosecutor's remarks were proper and that, in any event, as a matter of procedure defendant cannot raise such issue at this time.

We shall first consider whether the issue is properly before us. The state contends that if defendant felt the remarks in question were objectionable and prejudicial he should have requested the trial justice to instruct the jury to disregard them. In support of this contention the state cites *State* v. *Hathaway,* 52 R. I. 492, 501; *State* v. *Riddell,* 38 R. I. 506, 511; *State* v. *Farr,* 29 R. I. 72, 79; *State* v. *Hull,* 18 R. I. 207, 212. We agree with the procedural rules enunciated in the cited cases, but we do not agree that they are applicable to the facts here. In those cases the record fails to disclose any timely objection to the offending remarks, any requests for instructions, or any ruling thereon by the trial justice.

Although the instant record is not as clear as it might

have been had the court stenographer been present, nevertheless the record, as allowed by the trial justice, plainly shows that the alleged remarks were made; that defendant immediately objected; that the trial justice ruled that such remarks were fair comment; and that defendant's exception was noted. The state does not deny that the prosecutor uttered such remarks. Moreover in its brief the state concedes that the comment was not made in any connection whatsoever with the offense being tried. After the trial justice ruled that the remarks objected to were fair comment, there was nothing left for defendant to do except to preserve his rights by taking an exception to such ruling. It would have availed defendant nothing to request the trial justice to instruct the jury to disregard the remarks which he had already ruled were fair comment. In our opinion the issue is properly before us.

The next question is, therefore, whether the remarks were proper or whether they were prejudicial to defendant so as to deprive him of a fair and impartial trial. It is clear that the alleged remarks did not relate to any matters in evidence. The fact that five murders may have been committed in Newport county was not material to the issues in the instant case. Such remarks were totally extraneous and tended to inflame and arouse the passions of the jury. A prosecuting attorney, being a representative of all the people, including a defendant on trial, should refrain from making any statement which is not based on the evidence and which might tend to prejudice a defendant with the jury. See *State* v. *Peters,* 82 R. I. 292, 296; *Goff* v. *Commonwealth,* 241 Ky. 428, 431; *Berger* v. *United States,* 295 U. S. 78, 88.

On the record before us we cannot be certain that the jury was not prejudiced by the offending remarks. Such remarks were wholly unwarranted and it is therefore our opinion that the trial justice committed prejudicial error in ruling that they were fair comment. As was stated in

*Lavigne* v. *Ballantyne,* 66 R. I. 123, at page 126: "When improper and extraneous matter of a harmful nature is intentionally injected or accidentally creeps into the evidence, it is the duty of the trial justice, upon complaint being made, to free the evidence from such matter, if possible, with proper warning to the jury. On the other hand, if this is not reasonably possible, then he ought to pass the case."

We are not unmindful of the seriousness of the offense with which the defendant is charged or of the fact that the ultimate finding of guilt or innocence in a case of this kind must depend mainly upon whether the jury believes the accused or the accuser. However, in considering the question raised by the instant exception it is our duty to determine only whether the verdict was reached as a result of a fair and impartial trial, to which every defendant is entitled. Since from the record before us we cannot say with assurance that the defendant had such a trial, we must sustain his fourteenth exception and order a new trial. In view of such conclusion, we need not consider his other exceptions.

The defendant's fourteenth exception is sustained, and the case is remitted to the superior court for a new trial.

*William E. Powers,* Attorney General, *Raymond J. Pettine,* Assistant Attorney General, for State.

*Philip M. Hak,* for defendant.