255 A.2d 724.

HARRY LANDES *vs.* ANTHONY FAELLA.

JULY 9, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PowERs, J. This is a civil action to recover damages for personal injuries resulting from a motor vehicle collision at the intersection of Broad and Public Streets in the city of Providence.

The case was tried to a superior court justice and a jury which returned a verdict of $700 for plaintiff. Thereafter, defendant seasonably moved for a new trial alleging the usual grounds, and additionally, improper conduct between plaintiff's attorney[1] and the jury foreman. In connection with this latter ground, defendant filed an affidavit wherein he stated, "* * * between the beginning and the ending of the trial of the above matter, I saw the trial attorney for the plaintiff and the foreman of the jury, hearing said case, sitting together on a bench in the Superior Court, and talking to each other * * *."

At the hearing in connection with the new trial motion, the trial justice concluded that a first determination of the allegation of improper conduct required the taking of testimony of the parties involved. At said evidentiary hearing, defendant qualified the assertions contained in his affidavit relative to plaintiff's attorney and the jury foreman having conversed together on a bench. He testified that what he observed was a conversation between the jury foreman, who was seated on a bench, and plaintiff's attorney who was standing facing the foreman with his back to defendant. Calling for a summation of this testimony, counsel asked,

"Q When you saw—If I understand you correctly, Mr. Faella, you saw the foreman sitting down, you saw a man standing, talking to him, you approached within fifteen feet of them, you saw them speaking, you turned around and went back the way you came?"

[1]We deem it desirable to note that plaintiff's counsel at trial was other than the attorney of record in this appeal.

to which defendant replied,

"A Right."

In his testimony, plaintiff's attorney recalled having spoken to the foreman, along with several other jurors in the cloak room after the jury had been discharged but, categorically denied conversing with the foreman or any other member of the jury during the course of the trial. The testimony of the foreman was to the same effect.

Nevertheless, the trial justice granted defendant's motion, stating, and we quote in full:

> "I'm going to grant the motion for a new trial. I am not satisfied by the explanation that was made by the plaintiff's counsel. And since there is some doubt, some question about the verdict, I think it's far better to try this case all over again, so there will be no question."

It is well settled that a motion for a new trial based on improper conduct between a member or members of the jury and one of the litigants or his attorney is addressed to the sound discretion of the trial justice. *Screw Machine Corp.* v. *Cutter & Wood Co.,* 43 R. I. 34, 110 A. 382, 39 Am. Jur. *New Trial* §96, and cases cited therein. Furthermore, it is also well settled that to insure confidence in trial by jury, a new trial will be granted whenever it appears that such improper conduct has tended to create bias or prejudice in the minds of the jurors. *Carpenter* v. *Carpenter,* 48 R. I. 56, 135 A. 325. See also 55 A.L.R. 750, 39 Am. Jur. *New Trial* §96 and cases cited therein.

However, the same authorities are also agreed that before a jury verdict should be set aside for alleged improper conduct, there must be some showing that the conversation complained of was in some wise related to the trial. Here, as previously noted, there is not the slightest suggestion that the conversation of which defendant complained in any way related to the litigation or could have had any effect on the outcome thereof. Moreover, in *Patton* v.

*Hughesdale Mfg. Co.*, 11 R. I. 188, this court held that a motion for a new trial based on the ground of irregularity or misconduct which was known to the movant during the course of the trial, should not be granted where the alleged irregularity or misconduct was not brought to the court's attention before the jury returned its verdict. So holding, the court stated at page 189,

"The defendant having proceeded without objection to what had occurred, and thereby subjected the plaintiff to the expense of a trial occupying several days, which might have been avoided if the objection had been seasonably made, ought not to be permitted, after the jury have rendered a verdict adverse to it, to urge that objection as a reason for setting aside that verdict."

We hold then that in light of the circumstances here presented, it was an abuse of discretion for the trial justice to grant the motion on the alleged misconduct of plaintiff's attorney and the jury foreman. The plaintiff's appeal, as it relates to this phase of the judgment, is sustained.

Our holding in this regard, however, is not in and of itself dispositive of the case since defendant has appealed, contending, in essence, that if the trial justice erred on the misconduct ground, his decision is also reviewable in this court for the reason that he failed to pass on defendant's motion for a new trial on the further grounds that the jury verdict was against the evidence, the law, and the weight thereof.

It is established practice in this jurisdiction that unless obviously unnecessary the trial justice should state in a definite manner his considered opinion upon all of the material grounds relied upon in support of the motion. *State* v. *Terranova*, 73 R. I. 149, 54 A.2d 407, *Severiano* v. *Diwinsky*, 58 R. I. 237, 192 A. 467. Here, although principally resting his decision on the ground of alleged misconduct, it is apparent from the language that the trial justice employed in rendering his decision, that he had some

misgivings about the correctness of the jury's verdict when considered in light of the law, the evidence, and the weight thereof. Having such misgivings, it was his duty to independently weigh the evidence, pass on credibility, and, applying his findings to the law as he gave it to the jury, set the verdict aside if, in his superior judgment, the credible evidence as viewed by him fairly preponderated against the verdict. *Dawson* v. *Rhode Island Auditorium, Inc.*, 104 R. I. 116, 242 A.2d 407; *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836; *Martinelli* v. *Steiner*, 84 R. I. 339, 123 A.2d 924.

This he failed to do, and in such circumstance it is the duty of this court to examine the record for ourselves and grant a new trial if the evidence, as we view it, strongly preponderates against the jury's verdict. *Marcinko* v. *D'Antuono*, 104 R. I. 172, 243 A.2d 104. In performing this duty, however, we look to the record to determine whether there is any competent evidence which, if believed, would support the jury's verdict, *State* v. *Contreras*, 105 R. I. 523, 253 A.2d 612. Finding such evidence, a new trial will not be granted by this court.

We turn then to a consideration of the evidence in the instant case. It establishes that plaintiff sustained injuries while riding as a passenger[2] in a motor vehicle which was struck by another car being operated by defendant. The evidence further establishes that the collision occurred at the intersection of Broad and Public Streets in the city of Providence. The plaintiff testified that the car in which he was a passenger, proceeding northerly on Broad Street, entered the intersection at a time when the traffic signal was in favor of the car in which he was riding, and flashing red for the car being operated by defendant. He further

---

[2]In his charge, the trial justice instructed the jury that plaintiff was not guilty of contributory negligence. There being no exception taken to this charge, it became the law of the case.

testified that the car in which he was a passenger was struck by defendant's car at or about the right front door of the car in which plaintiff was riding. This testimony was substantially corroborated by the operator of the car in which plaintiff was a passenger. Clearly then, there is competent evidence to support the jury's verdict which, in the circumstances, should not be disturbed by us.

The plaintiff's appeal is sustained, the defendant's appeal is denied and dismissed, and the case is remitted to the superior court for entry of judgment on the jury's verdict.

*Kirshenbaum & Kirshenbaum, Alfred Factor* and *Ernest Barone,* for plaintiff.

*Luigi Capasso,* for defendant.