**263 A.2d 108.**

Barbara Merola *vs.* Gaetano V. Rotella.

March 20, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action, brought to recover damages resulting from a motor vehicle collision, was tried to a jury in the Superior Court, a verdict being returned for the defendant. Judgment entered on the verdict, and thereafter the plaintiff's motion for a new trial was granted. The defendant is now in this court prosecuting an appeal from that decision.

The evidence discloses that plaintiff was operating a Ford sedan in a northerly direction on a one-way temporary exit road leading from Route 95 to Admiral Street in Providence. It is not disputed that the weather was clear and dry, and that the traffic on the exit road was heavy. The plaintiff testified that she had stopped her car at the top of a small incline, having observed the traffic ahead of her stopping. According to plaintiff, her car was hit from behind by defendant's motor vehicle a short time after it stopped, she testifying that her car was struck by defendant's car "right after I stopped." The plaintiff testified that she alighted from her vehicle and observed that the trunk and rear bumper of her car were damaged and that the front end of defendant's car, particularly its radiator, had been damaged.

The defendant testified that there was "bumper-to-bumper" traffic on the exit road and that he was proceeding about five to ten miles an hour in "stop-and-go" traffic. He testified: "* * * all of a sudden she stopped for no apparent reason at all, there was no traffic in front of her, and of course, her car came down and came down on my hood, so she got out and she says, 'Gee I'm sorry, I don't know why I stopped so sudden.'" The defendant further testified: "I had stopped and her car had to come down on mine." The plaintiff testified expressly that she had no recollection of apologizing to defendant for stopping "so sudden."

On a motion for a new trial on the ground that the ver-

dict is contrary to the weight of the evidence, the trial justice has the obligation of exercising his independent judgment in passing on the weight of the material evidence adduced at the trial and on the credibility of the witnesses who testified thereat. *Cinq-Mars* v. *Standard Cab Co.,* 103 R. I. 103, 235 A.2d 81; *Martinelli* v. *Steiner,* 84 R. I. 339, 123 A.2d 924.

It is clear from the record that the trial justice here did consider the weight to be given to the evidence and the credibility of the witnesses. In carrying out this function, the trial justice may reject some evidence either because it was impeached or contradicted or because other circumstances render it inherently improbable. He may also draw from the evidence inferences which are reasonable. When he has thus scrutinized all of the evidence, the trial justice must then relate in his ultimate decision those portions of the evidence which he rejects, those principal witnesses who, in his opinion, are worthy of belief or disbelief, the inferences and conclusions he has drawn, and the reasons which influence his determination. *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 242 A.2d 407. The trial justice may not, however, absent a showing that an inference drawn by the jury was lacking in reasonableness or was less probable or natural than the one he preferred, substitute his judgment on what inference should be drawn for the inference which the jury has already drawn. *Petitpas* v. *Merchants Mutual Insurance Co.,* 103 R. I. 479, 238 A.2d 750. It being our opinion that the trial justice discharged the obligation incumbent upon him on a motion for new trial, it becomes the duty of defendant to establish that the trial justice was clearly wrong in his decision by reason of having overlooked or misconceived some relevant and material evidence on a controlling issue. *Compo* v. *Dexter,* 101 R. I. 311, 222 A.2d 681.

The defendant, contending that the trial justice was clearly wrong, argues that the trial justice misconceived and rejected uncontradicted evidence that he had stopped his car behind plaintiff's car and that the collision had occurred when the rear end of plaintiff's car came down on the hood of his vehicle. The clear thrust of this testimony is that defendant did not strike the rear end of plaintiff's vehicle, but that plaintiff's vehicle struck his car. The trial justice stated that he could not "understand" how that could have happened in view of the evidence and, asserting again that he could not "comprehend" this version of the collision, rejected the testimony. We see no error in the rejection of this testimony, even if uncontradicted, it being impeached by reason of its inconsistency with the physical facts established by the evidence.

What defendant is contending, as we understand his argument, is that the trial justice in this case violated the well-settled rule that the court should not substitute its judgment for that of a jury on a motion for new trial where the evidence is so nearly in balance that reasonable minds could reach different conclusions or draw contrary inferences therefrom, and this though he might be inclined personally to find to the contrary of the verdict of the jury. *Cinq-Mars* v. *Standard Cab Co., supra.* The defendant obviously overlooks our holding in *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. There we said that a trial justice in discharging his duty on a motion for new trial may accept some or all of the evidence as having probative force, or he can reject some of the testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence, or because of inherent improbabilities or contradictions which alone or in connection with other circumstances satisfy him as to its falsity.

We cannot agree, however, that the trial justice in this case did substitute his judgment for that of the jury by

drawing improper inferences from the evidence. The record makes it clear that he rejected and took out of consideration the testimony that the defendant's car had not struck the rear end of the plaintiff's car but had been struck by the plaintiff's car. In other words, rejection of that testimony by the trial justice had the effect of changing the evidence, from that which was considered by the jury, to that which was considered by the trial justice after his having rejected testimony as to the nature of the collision. In the circumstances we cannot say that the trial justice was clearly wrong in ordering a new trial on the plaintiff's motion therefor.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for a new trial.

*Don G. Sinesi,* for plaintiff.

*Thomas E. F. Carroll,* for defendant.