279 A.2d 919.

LEE R. GILBERT, *p.a. et al. vs.* RAYMOND. A. GIRARD *et al.*

AUGUST 5, 1971.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. We have before us the remaining parts of a civil action which arose out of a collision between two automobiles. The identities of the parties to that litigation and its pertinent facts are set out in *Gilbert* v. *Girard,* 108 R. I. 120, 272 A.2d 691, and need not be repeated here. Suffice it to say that all of the aspects of that litigation have been disposed of save for two claims against the defendant, Del A. Girard, the owner of one of the vehicles involved in the collision. One of those claims is to recover for the injuries sustained by Lee Richard Gilbert, then a minor, who was a passenger in the Girard vehicle when the accident occurred. The other is for the consequential damages suffered by Lee's father.

In those parts of the litigation which were left undecided in *Gilbert* v. *Girard, supra,* the decisive question, and the one on which the result of these two claims hinges, is whether Raymond Girard, Del's brother and the operator of his vehicle at the time of the collision, had his brother's consent to use his automobile. On that issue the evidence is in conflict. On the one hand, Del testified that Raymond took his automobile without permission and Raymond confirmed that testimony; and on the other hand, Lee, when he was on the witness stand, quoted Raymond as saying that he had Del's permission to use his automobile. When in our earlier opinion we considered the legal ramifications of this evidentiary conflict, we queried first, whether Lee's testimony could have been excluded as inadmissible hearsay; and second, whether that testimony, which was admitted without interposition of an objection, became such a part of the evidence in the case as to be usable in support of the verdicts returned by the jury for plaintiffs. Since

those questions, although critical to the outcome, were neither briefed nor argued when the litigation was first here, we reserved decision on the claims of Lee and his father against Del in order to afford the interested parties an opportunity to present their arguments thereon in supplemental briefs. Those briefs have since been filed and are now before us.

In positing the first of our queries, plaintiffs suggest that we were not as precise as we might have been. The question we posed was whether Lee's testimony as to *agency* could have been barred by a proper and timely objection under the rule which says:

> "* * * that the extrajudicial statements, admissions or declarations of one purporting to be an agent are inadmissible as against the principal to prove agency. *Mello* v. *Coy Real Estate Co.*, 103 R. I. 74, 78, 234 A.2d 667, 670; *Furlong* v. *Donhals, Inc.*, 87 R. I. 46, 53, 137 A.2d 734, 738; *Beaudette* v. *Cavedon*, 50 R. I. 140, 143, 145 A. 874, 875; *Martin* v. *St. Aloysius Church*, 38 R. I. 339, 357, 95 A. 768, 774." *Id.* at 125, 272 A.2d at 694.

The plaintiffs readily acknowledge the force of the rule we quote, but they argue that it is inapposite here inasmuch as Lee's in-court repetition of what Raymond had told him outside of the courtroom was put into evidence for the limited purpose of proving that he (Raymond) was operating the Girard motor vehicle with his brother's *consent* and not to establish that he was Del's *agent*. Their argument ignores G. L. 1956 (1968 Reenactment) §31-33-6, which provides, in substance, that a person operating a motor vehicle on a public highway with the owner's consent "shall in case of accident be deemed to be the *agent* of the owner * * *."[1] (Emphasis supplied.)

---

[1] The trial justice in this case followed G. L. 1956 (1968 Reenactment) §31-33-6, when he instructed the jury: "If you find that this vehicle was being operated with the *consent* of the owner of the vehicle in question, then

The plaintiffs' argument, moreover, can be faulted on another ground, and that is its apparent assumption that the rule we refer to is a principal of the law of agency, rather than of evidence. That is just not so.

Here, Lee, when he quoted Raymond, was hopefully anticipating that his extrajudicial utterances would be accepted as proof of the facts asserted therein and as credible testimonial assertions. That kind of evidence, however, is hearsay, *Martin* v. *Estrella,* 107 R. I. 247, 257, 266 A.2d 41, 48; *Allen* v. *D'Ercole Constr. Co.,* 104 R. I. 362, 369, 244 A.2d 864, 869, and the exclusionary rule which bars the use of hearsay applies no less to out-of-court utterances which are offered to prove an owner's *consent* than it does to those which are offered to establish an *agency* relationship between owner and operator.

This brings us to the second question we asked in *Gilbert* v. *Girard, supra,* and that is whether and to what extent inadmissible, but unobjected to, hearsay evidence is available and usable in litigation. Although that kind of evidence is incompetent to establish a fact, failure to object to its admission waives its incompetency. *United States* v. *Lutz,* 142 F.2d 985, 988-89 (3d Cir. 1944); *Thorn* v. *Cross,* (Mo. App.), 201 S.W. 2d 492, 496-97; 1 Wigmore, *Evidence* (3d ed.) §18 at 321. Once admitted, therefore, such evidence, if relevant, is entitled to be treated as if it were legally admissible and to be accorded such probative effect as under all the circumstances is deemed proper. *Abel of Arkansas* v. *Richards,* 236 Ark. 281, 287, 365 S.W.

---

if the operator is liable the owner is liable." (Emphasis supplied.) That charge, there being no objection, became the law of the case and was as binding upon the trial judge when he considered the motion for new trial as it was upon the jury in their deliberations. *Roland Bileau Transp. Co.* v. *Lodie Brien Inc.,* 100 R. I. 723, 727, 219 A.2d 401, 403. The trial justice did not, however, charge that pursuant to §31-33-7 (1968 Reenactment) evidence that the vehicle was registered in defendant's name would be prima facie evidence that it was operated with defendant's *consent.*

2d 705, 709; *Sallee* v. *Routson,* 247 Iowa 1220, 1222-23, 78
N.W. 2d 516, 517-18; *Barlow* v. *Verrill,* 88 N. H. 25, 183 A.
857; *Poluski* v. *Glen Alden Coal Co.,* 286 Pa. 473, 133 A.
819. See also *Grimes* v. *Grimes,* 61 R. I. 198, 200 A. 442;
McCormick, *Evidence* (1954 ed.) §54 at 126-128.

This general principle applies throughout all stages of a
case, and accordingly, hearsay which is admitted without
objection merits consideration by the trier of facts, *Hayden*
v. *Chalfant Press, Inc.,* 281 F.2d 543, 548 (9th Cir. 1960);
*Klingler* v. *Ottinger,* 216 Ind. 9, 17, 22 N.E. 2d 805, 809;
*Roberts* v. *Interstate Life & Accident Ins. Co.,* 232 Miss.
134, 140, 98 So. 2d 632, 635, by a trial justice when he passes
on a jury verdict, *Stevens* v. *Mirakian,* 177 Va. 123, 131,
12 S.E. 2d 780, 783, and by an appellate court when it re-
views a trial court's findings. *Old* v. *Cooney Detective
Agency,* 215 Md. 517, 525-27, 138 A.2d 889, 894-95. An
ample listing of additional authorities in support of these
views is available in annot., 79 A.L.R. 2d 890.

These rules, while widely accepted, are not necessarily
applied by all courts in every situation where hearsay is
admitted without objection. One instance is found in the
fact pattern of this case, namely, when hearsay which was
not objected to stands alone without corroboration and is
contradicted by clearly admissible direct and positive tes-
timony. On that set of facts some courts say that the evi-
dence, because it becomes competent when it is admitted
without objection, is in the case for whatever it is worth.
*Stevens* v. *Mirakian, supra; Carraway* v. *Johnson,* 63 Wash.
2d 212, 386 P.2d 420. Others, while they do not question
the competence of such evidence, give it little or no pro-
bative force or effect and they say that it must therefore
yield to direct and positive conflicting legal evidence.
*N.L.R.B.* v. *Ford Motor Co.,* 114 F.2d 905, 915 (6th Cir.
1940). See, *American Rubber Products Corp.* v. *N.L.R.B.,*
214 F.2d 47 (7th Cir. 1954).

This Court apparently aligned itself with the latter group in *Empire Cream Separator Co.* v. *Parillo,* 47 R. I. 178, 127 A. 1. In that case an out-of-court utterance of a person who assumed to act as the agent for another was admitted without objection, and that evidence, even though lacking in corroboration and contradicted by direct and positive legal testimony, was accepted as an established fact first by the jury and then by the trial justice who approved the verdict. On appeal, this court, despite the jury's and the trial justice's preference for the hearsay, nonetheless held that such evidence had "little probative force by reason of its being hearsay," that it was outweighed by the direct testimony to the contrary, and that the contradictory evidence strongly preponderated against the verdict. *Id.* at 180, 127 A. at 2. Accordingly, it reversed.

It seems to us that *Empire Cream Separator Co.* v. *Parillo, supra,* is at odds with the practice which prevails in this state with respect to the weighing of evidence and the passing on credibility of witnesses. That practice assigns those responsibilities initially to the trier of facts whose principal function is to resolve evidentiary conflicts, and then, if the trier of facts is a jury, to the trial justice who, in passing on a motion for a new trial, must, in the exercise of his independent judgment, consider all of the material evidence in the case in the light of his charge to the jury and then pass on its weight and the credibility of the witnesses. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836.

On review, however, the role of this court with respect to factual matters is quite limited. It recognizes that it does not have the same opportunity as do a jury and a trial justice of seeing and hearing the witnesses and observing their demeanor when they testify. Accordingly, it shuns passing on the weight of evidence and the credibility of witnesses, *State* v. *Contreras,* 105 R. I. 523, 531, 253 A.2d 612, 617, and in a case where a jury verdict has been in-

dorsed by a trial justice, it will not make an independent examination of the record unless that justice in passing on the motion for a new trial overlooked or misconceived material evidence or was otherwise clearly wrong. And even then when it looks to the record it does so only to ascertain whether the evidence strongly preponderates against the verdict, *Marcinko* v. *D'Antuono,* 104 R. I. 172, 187, 243 A.2d 104, 112. In applying that yardstick, it neither weighs the evidence nor passes on the credibility of witnesses, but sustains the verdict if it discovers some competent record evidence which, if accepted as truthful, will support that verdict. *Landes* v. *Faella,* 106 R. I. 23, 28, 255 A.2d 724, 727.

In *Empire Cream Separator Co.* v. *Parillo, supra,* this court obviously exceeded the limits we have just described. It gave no heed to the jury's resolution of the evidentiary conflict or to the trial justice's approval of that resolution. Instead it faulted both of them, not because of an erroneous ruling, or a misapplied rule of law or a misconception or oversight of material evidence on a controlling issue, but because in its judgment uncorroborated hearsay should not be allowed to prevail over direct and positive conflicting legal testimony. This was error. Relevant and material hearsay, if admitted without objection, is competent at all stages of the litigation irrespective of whether corroborated or whether or not in conflict with positive legal testimony to the contrary.

When we apply these rules to what transpired in this case, we find that the jury by returning plaintiffs' verdicts clearly indicated that on the consent issue they accepted Lee's uncorroborated hearsay testimony in preference to that of Del and Raymond. (See footnote 1.) The trial justice, however, when he passed on the motions for a new trial, completely overlooked the inadmissible hearsay and in his bench decision said that: "* * * there was *no evi-*

*dence whatsoever* that the operator of the vehicle in question was operating with the consent of the owner." (Emphasis supplied.) *Gilbert* v. *Girard, supra* at 108 R. I. 124, 272 A.2d at 694. That oversight takes away from his decision the great weight it would otherwise normally receive and, applying the appellate rule, *Marcinko* v. *D'Antuono, supra,* we reinstate the verdicts because the inadmissible, but uncorroborated and unobjected to, hearsay evidence was competent and, if believed, would support the verdicts. *Landes* v. *Faella, supra.*

For the reasons indicated, the plaintiffs' appeals are sustained; the judgments appealed from are reversed; and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Abatuno & Chisholm, Alfred G. Thibodeau,* for plaintiffs.

*Albert E. Tondreau,* for defendant Del A. Girard.