303 A.2d 760.

STATE *vs.* GUIDO COLAVECCHIO.

MAY 2, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.  A jury in the Superior Court found the defendant guilty of reckless driving.  The trial justice denied his motion for a new trial whereupon the defendant filed a bill of exceptions to this court.

The state presented as its only witness Officer William Begones, a police officer of the city of Cranston.  He testified that he was on duty on the evening of February 19, 1969, when, as a result of something a motorist told him, he proceeded to Route 10 in the city of Cranston; that he was traveling south in the southbound lane of Route 10, a state highway with basically two lanes going in each direction separated by a median; that he observed defendant traveling north in the southbound lane; that he observed traffic in front of him pulling to the right; that he put his

red light on and started flashing his lights; and that at the time there was snow on the ground similar to a wet mist, but the highway was clear. On cross-examination he testified further that he had to cross the shoulder and southbound lanes to get in front of defendant's car; that he got directly in the path of defendant's car which was headed straight at him; that he was moving about 10 miles per hour and defendant was going under 25 miles per hour; that finally both vehicles stopped on the extreme left about 10 to 15 feet apart; that defendant's car slowed right down and there was no accident.

Continuing his testimony Officer Begones stated that farther down the road he saw tracks coming from the opposite traveled portion of the highway across the dividing island into the northbound lane, but that he could not say whether the tracks were caused by defendant's vehicle.

After the police officer completed his testimony the state rested. The defendant, without resting and reserving the right to present evidence in his defense, then moved that the case be dismissed on the ground that the state had not presented a prima facie case. The trial justice, treating defendant's motion as a motion to dismiss, ruled that the state had presented a prima facie case and, accordingly, he denied the motion.

The defendant testified in his own defense. His testimony is in substance as follows. On the night in question he entered Route 10 from Reservoir Avenue heading north in the northbound lane and, after traveling about a mile and a half his left front wheel locked causing him to jump the median divider and hit his shoulder, arm and head up against the left door. His car came to rest in the southbound lane without traveling any distance at all in the southbound lane and after the car stopped he passed out. There was no traffic when he got into the southbound lane

and he saw no flashing lights. His next conscious thought was walking into the Cranston police station.

On cross-examination defendant was asked if he remembered answering various questions asked of him by the police after the accident. He testified that he could not remember if some of the questions were asked nor could he remember most of his answers. He denied telling the police he had not received a bump on the head at the time the accident occurred. The state then recalled Officer Begones who testified that defendant did deny receiving a bump on the head when being questioned by the police after the accident. He also testified that defendant was conscious at the time he first saw him on the night of the incident.

The state then offered into evidence, through Officer Begones, a report entitled "Alcoholic Influence Report Form" which the trial justice admitted, over defendant's objection, with certain modifications. We shall refer to this report and to other events which occurred in the Superior Court later in this opinion when we consider the exceptions which defendant has briefed.

## I

The defendant's exception 1 is to the ruling of the trial justice denying defendant's motion to dismiss at the conclusion of the state's case. The defendant has briefed this issue as if the motion in question was a motion for a directed verdict. However, the transcript shows that defendant reserved the right to present evidence in the event his motion was denied; he did not rest his case. He treated this as a motion to dismiss and the trial justice did likewise.

Such a motion is addressed to the trial justice's discretion and no exception lies to its denial. *State* v. *Franklin*, 103 R. I. 715, 729, 241 A.2d 219, 228 (1968). As the court said in *State* v. *Terranova*, 73 R. I. 149, 54 A.2d 407 (1947):

"The motion in this form was in effect a motion for a nonsuit, which, being addressed to the discretion of the court, admits of no exception to its denial. The defendant, if he so desired and with the understanding that he would be bound by his action, could have finally rested his case at the termination of the state's evidence, without himself offering or introducing any evidence, and moved for a directed verdict, in which case he would have been entitled to an exception to the denial of his motion as a matter of right." *Id.* at 150, 54 A.2d at 408.

The exception is overruled.

## II

Under exception 2 defendant argues that the trial justice erred in admitting into evidence the "Alcoholic Influence Report Form" as modified. This report was filled out by the Cranston police on the night of the accident and was signed by defendant. The front side of the report related to questions asked of defendant. Some of defendant's answers were inconsistent with his testimony at the trial. One of the discrepancies was that defendant had answered "no" to the question asking him if he had hit his head on the night in question. The defendant objected to the introduction of this report on the ground that the report was irrelevant to the charge and was prejudicial to him. The trial justice admitted the form into evidence with certain portions excluded and covered. He admitted the front side of the report as a full exhibit, but he excluded the words "Alcoholic Influence" which appeared in the heading and he excluded certain questions dealing with defendant's consumption of alcohol. This was done by covering the excluded portions and photostating. The photostat was admitted into evidence as a full exhibit. The original was admitted only for identification.

The defendant argues that the mere fact that individual prejudicial questions were covered did not save the docu-

ment from being inadmissible. He argues further that any member of the jury who was familiar with police procedures or forms, or was ever required at some time in his life to fill out such form, would have had his judgment prejudiced by seeing such a form even if those questions were covered.

As previously noted the original form was never introduced into evidence, but was only marked for identification. The state then offered the modified photostatic copy into evidence to impeach defendant's testimony on direct examination, that just prior to the incident in question he was at the Yankee Motor Inn in Warwick, and that as a result of the wheel of his car locking he slammed his head against the lefthand side of the door, stopped his car and passed out. The report contained a series of questions and answers by defendant wherein he told the police immediately after the accident that he was coming from a friend's home in West Warwick and that he had not banged his head and was not hurt. Clearly this report was relevant for impeachment purposes. On this record we cannot say that in admitting this report, as modified, the trial justice abused his discretion to the prejudice of defendant. *McSoley v. McSoley,* 91 R. I. 61, 81, 161 A.2d 216, 226 (1960). The defendant indulges in mere speculation when he argues that even though the prejudicial parts of the report may have been covered the possibility existed that any one or more of the jurors who was familiar with police procedures or forms would have his judgment prejudiced by seeing the modified photostated copy of the report. We find no error in the admission of the report as modified. Exception 2 is overruled.

After argument was concluded, the prosecutor took the original "Alcoholic Influence Report Form" and placed it on the corner of the counsel table closest to the jury and then continued with his questioning of the witness. On

seeing this, defendant's counsel moved that the case be taken from the jury and passed on the ground that defendant was prejudiced by the jury seeing this report on the state's counsel table. This motion was denied. Under his exception 3 defendant argues that this ruling was erroneous. The defendant argues that the jury's attention was riveted upon this document, because it had been the issue of argument just prior to the resumption of the questioning and it just had been brought back from the trial justice's bench.

In moving that the case be passed, defendant's counsel was frank to state that he was sure that the prosecutor's action was "inadvertence and not anything planned."

In denying defendant's motion the trial justice said:

"It doesn't appear that State's Exhibit 1 for identification has come to the attention of the jurors. The document is so placed on counsel table that it would be difficult for any juror to make out even the largest type of printing thereon. I think it would be almost impossible for anyone sitting in the jury box to see what is written on it. I fail to see how the defendant could be prejudiced in any way insofar as the contents of the report is concerned.

"The Court feels certain that the jurors have no knowledge of what's in that report simply by looking on counsel table. They're going to be instructed at the close of the trial as to what evidence they can consider."

The defendant has failed to persuade us that the trial justice was clearly wrong in finding as a fact that " * * * it would be almost impossible for anyone sitting in the jury box to see what is written on it." In the circumstances we do not disturb his finding. Exception 3 is overruled.

### III

The case was given to the jury at 11:30 a.m. and at 12:16 p.m. the jury was taken out to lunch. While the jury was out to lunch, one of the jurors became separated from the

jury panel for about two hours, but resumed deliberation with the rest of the jury upon its return from lunch. The defendant's counsel moved to have the case taken from the jury on the ground that because of the separation of one juror, defendant was prejudiced. The defendant's exception 4 is to the trial justice's ruling denying that motion. He argues that because of the time of separation a presumption of prejudice was so high that this prevented defendant from having a fair trial and, therefore, his motion for a new trial should have been granted.

When this fact became known to the trial justice, he examined the juror under oath about his whereabouts and activities during his absence. The juror testified that he had misunderstood the trial justice's instructions to stay with the remainder of the panel during lunch and that he had spent the lunch hour in the jury lounge before returning to the judge's chambers. He further testified that he did not discuss the case with anyone. Counsel did not avail themselves of the opportunity to cross-examine the juror about his separation.

In the circumstances of this case we find no error in the trial justice's denial of defendant's motion. It is impractical and almost impossible to promulgate a rule which will be applicable in all cases and, therefore, necessity requires that each case must be decided upon its own facts. It is not every irregularity which will render a verdict void and warrant setting it aside. This depends upon whether or not the irregularity is such as to affect the impartiality, purity and regularity of the verdict itself. *See State* v. *Verde,* 66 R. I. 33, 48-50, 17 A.2d 39, 46-47 (1940), where the court spoke at some length about the importance and necessity of safeguarding and protecting the jury from the danger of outside influences.

It seems that the underlying principle is that the separation of the jury, where no injury has ensued to the party

objecting, will not be ground for setting aside a verdict, unless the separation be attended with suspicion of abuse or some improper influence. *State* v. *O'Brien,* 7 R. I. 336, 340 (1862). As the court said in *State* v. *Mowry,* 21 R. I. 376, 43 A. 871 (1899):

"All that the defendant is entitled to is that there shall be no communication between the jury and any outsider relating to the case in any way whatsoever, and that no influence shall be brought to bear upon the jury, or any member thereof, in any way affecting the defendant or the trial of the case. In short, the defendant is entitled to a trial by a jury who are entirely free from all outside influences and considerations, and who are governed solely by the law and the evidence received from and under the immediate direction of the court. In this connection we will say that purely technical irregularities occurring in the trial of cases ought not to be looked upon with favor by courts as being ground for new trial, as they tend to obstruct rather than promote the ends of justice. Under the modern enlightened and humane system of administering the criminal laws of the State, the reason for permitting a defendant to take advantage of such irregularities no longer exists. And unless it appears that the irregularity complained of in a given case has prejudiced the defendant in his trial, or that it was of such a character that he might have been prejudiced thereby, it constitutes no ground for a new trial." *Id.* at 379-80, 43 A. at 872.

We recognize that *State* v. *Mowry* and *State* v. *O'Brien* involved felonies and were factually distinguishable from the case at bar in other respects as well. We believe, however, that the language and reasoning in those cases applies equally here.

As the state points out in its brief, there is a split of authority as to whether a presumption of prejudice is raised where there is a separation of the jury after submission of the cause in misdemeanor cases. *See* Annot., 21 A.L.R.2d 1088, 1094, 1144 (1952). Some courts have held that a presumption of prejudice arises which must be rebutted by

the prosecution, while others hold that the burden is on the defendant to show prejudice. The majority of those states that uphold the rule that a presumption of prejudice is created provide that the presumption is rebutted if the prosecution affirmatively shows that no injury or prejudice resulted, or could have reasonably resulted under all the circumstances. *See* Annot., 21 A.L.R.2d 1117 (1952).

Even if we assume, without deciding, that a presumption of prejudice was created by the juror's separation, we are satisfied that the juror's testimony was sufficient to rebut the presumption. Exception 4 is overruled.

## IV

Finally, defendant argues in support of what appears to be an exception taken to certain comments made by the trial justice about defendant's credibility when imposing sentence. The comments in question however do not constitute a ruling and therefore no exception lies. *State* v. *Werner,* 87 R. I. 314, 140 A.2d 502 (1958); *State* v. *Farr,* 29 R. I. 72, 69 A. 5 (1908). Exception 7 is overruled.

The defendant's exceptions which have been briefed and argued are overruled, those neither briefed nor argued are deemed to have been waived and the cause is remanded to the Superior Court.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Robert R. Afflick, David G. Lussier,* for defendant.